IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KELORA SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION; ET AL.,<br><br>Defendants. | Civil Action No. 3:10-cv-00683-slc<br><br>**JOINT PRELIMINARY PRETRIAL REPORT** |

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Standing Order Governing Preliminary Pretrial Conferences, counsel for Plaintiff Kelora Systems, LLC ("Kelora") met and conferred with counsel for Defendants Target Corporation, OfficeMax Incorporated, ShopKo Stores Operating Co., LLC, Briggs & Stratton Corporation, National Business Furniture, LLC, Rockler Companies, Inc., 1-800-Flowers.com, Inc., PC Connection, Inc., Mason Companies, Inc. d/b/a Maryland Square, Amazon.com, Inc., Dell Inc., Office Depot, Inc., Newegg Inc., Costco Wholesale Corporation, Hewlett-Packard Development Company, L.P., CircuitCity.com Inc. (collectively, "Defendants") on Thursday, February 24, 2011, regarding a discovery plan and case schedule. The parties now submit this Joint Preliminary Pretrial Report.

**I.     INFORMATION REQUIRED BY THIS COURT'S STANDING ORDER**

    **A.     Nature of the Case**

This is an action for patent infringement under the United States Patent Laws, 35 U.S.C. § 271 et seq. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Kelora asserts U.S. Patent No. 6,275,821 ("the '821 patent"), as amended in reexamination, against Defendants. Kelora alleges that Defendants have infringed and continue to infringe the

'821 patent. Kelora alleges that it has been and will continue to be irreparably damaged by Defendants' infringement and seeks damages, permanent injunction relief, and other relief due to the alleged infringement. Mason Companies, Inc., has answered Kelora's complaint and sought declaratory relief for non-infringement and invalidity. The defendants currently in the case are: Target Corporation, OfficeMax Incorporated, ShopKo Stores Operating Co., LLC, Briggs & Stratton Corporation, National Business Furniture, LLC, Rockler Companies, Inc., 1-800-Flowers.com, Inc., PC Connection, Inc., Mason Companies, Inc. d/b/a Maryland Square, Amazon.com, Inc., Dell Inc., Office Depot, Inc., Newegg Inc., Costco Wholesale Corporation, Hewlett-Packard Development Company, L.P., and CircuitCity.com Inc.

All Defendants have filed or joined a motion to dismiss or a motion for judgment on the pleadings for failure to state a claim based, in part, on Defendants' contention that Kelora's Amended Complaint fails to identify any accused product or asserted claim (Dkt. Nos. 76, 87, 98, 100), which Kelora disputes as set forth in the parties' briefing (Dkt. Nos. 120, 127). Briefing on those motions is complete. Hewlett-Packard Development Company, L.P. ("HPDC") has also filed a motion to dismiss for lack of personal jurisdiction based, in part, on the fact that HPDC contends it is just a holding company that does not operate any potentially accused product or service (Dkt. No. 88), while Kelora contends that HPDC is subject to personal jurisdiction as the owner of websites that are at issue in this case (Dkt. No. 130). Briefing on that motion is complete. All Defendants except HPDC have filed or joined motions to transfer venue to the Northern District of California based, in part, on the fact that Judge Wilken in the Northern District of California has experience with this patent from a previous case (Judge Wilken granted summary judgment of invalidity of all claims asserted in that case) and is also presiding over several new declaratory judgment actions at a similar procedural

posture to this action (Dkt. Nos. 98, 102, 105, 113, 132, 142). Kelora opposes the motions to transfer, contending that this Court's speed and convenience relative to the Defendants precludes a showing that the Northern District of California is clearly more convenient than this Court (Dkt. No. 127). HPDC also filed a notice that if the Court did not grant its motion to dismiss for lack of personal jurisdiction, then it would join the motions to transfer (Dkt. No. 133). Briefing on the earliest motion to transfer is complete with briefing on another motion to transfer still ongoing. Dell and Mason Companies have also filed a motion to dismiss based, in part, on the collateral estoppel effect of the previous final judgment of invalidity (Dkt. No. 99, 110). Kelora opposes the motion to dismiss based on collateral estoppel grounds because the reexamined claims at issue in this case were amended in reexamination and are different from the original claims previously litigated. (Dkt. Nos. 117-118, 127).

### B. Other Related Cases

Kelora contends that no other cases are related to this case because no other pending case involves the same parties or accused instrumentalities. Defendants contend that this case is related to the below cases in which the '821 patent is at issue:

- *PartsRiver, Inc. v. Shopzilla, Inc., et al*, No 4:09-cv-00811-CW (ND Cal) (on remand from Federal Circuit after dismissal of appeal for determination by court as whether to vacate final judgment of invalidity)

- *eBay Inc. and Microsoft Corp. v. PartsRiver, Inc. and Kelora Sys., LLC*, No. 4:10-cv-4947-CW (ND Cal) (pending declaratory judgment action)

- *eBay Inc. v. PartsRiver, Inc. and Kelora Sys., LLC*, No. 4:10-cv-5106-CW (ND Cal) (pending declaratory judgment action)

- *Microsoft Corp. v. PartsRiver, Inc. and Kelora Sys., LLC*, No. 4:10-cv-5108-CW (ND Cal) (pending declaratory judgment action)

- *Shopzilla, Inc. v. Kelora Sys., LLC*, No. 4:11-cv-00502-CW (ND Cal) (pending declaratory judgment action)

- *Nebraska Furniture Mart Inc. v. Kelora Sys., LLC*, No. 1:11-cv-00115-LDD (D. Del) (pending declaratory judgment action)

### C. Factual and Legal Issues to be Resolved at Trial

The parties anticipate that the following issues of fact and law may need to be resolved in the course of this case or at trial:

(1) The proper construction of the claims of the '821 patent by the parties;

(2) The collateral estoppel effect of the prior final judgment of invalidity of certain claims of the '821 Patent;

(3) Whether the amended claims of the '821 patent are "legally identical" to the original claims as issued

(4) Whether the '821 patent asserted by Kelora is infringed by any of the Defendants;

(5) Whether the '821 patent is invalid;

(6) Whether the '821 patent is enforceable (Kelora believes that no issues regarding enforceability are in the case because no party has pleaded any defense of unenforceability of the '821 patent);

(7) Whether any injunction(s) should issue;

(8) If the '821 patent is infringed, valid, and enforceable, what damages and/or other relief would be appropriate (Kelora believes that no issues regarding enforceability are in the case because no party has pleaded any defense of unenforceability of the '821 patent);

(9) If the '821 patent is infringed, valid, and enforceable, whether such infringement was willful (Kelora believes that no issues regarding enforceability are in the case because no party has pleaded any defense of unenforceability of the '821 patent);

(10) If any infringement the '821 patent was willful, whether increased damages should be awarded;

(11) Whether any party is entitled to attorney's fees under 35 U.S.C. § 285 or costs.

**D.     Descriptions of Any Pleading Amendments that a Party Intends to Make**

On November 23, 2010, Kelora filed its First Amended Complaint. (Dkt. 10). On December 20, 2010, Mason Companies, Inc., responded to the First Amended Complaint with an Answer and Counterclaims. (Dkt. 50). The parties have included in their proposed Case Schedule a deadline for amendments to the pleadings. After that date, the parties agree to promptly seek leave of the Court to amend their pleadings if warranted by newly discovered facts or evidence.

**E.     Identity of Any New Parties**

The parties have included in their proposed Case Schedule a deadline for adding additional parties. Kelora is not currently aware of any additional necessary parties. Certain Defendants are considering whether to bring claims against third-party vendors for indemnification. The parties require discovery to identify whether all the appropriate parties are part of this action.

**F.     Estimated Length of Time Required for Trial**

Kelora expect that the trial can be completed in 3 weeks.

Defendants expect that the trial can be completed in eight to ten days. Depending on Kelora's allegations, separate trials of each Defendant may be appropriate.

**G.     Other Matters Affecting the Just, Speedy and Inexpensive Disposition of this Case**

Kelora is opposing several motions to transfer the case to the Northern District of California filed or joined by all Defendants. Kelora believes that transfer is not appropriate given this Court's substantial advantages over the Northern District of California in terms of speed and convenience relative to the locations of the Defendants and that the Defendants'

agreement to subject themselves to the greater inconvenience of the Northern District of California does not weigh in favor of transfer. Kelora also believes that limiting the collective number of claim terms to be briefed in the parties' claim construction briefs to 16 claim terms would greatly promote the just, speedy, and inexpensive disposition of this case. Defendants do not know what claims are being asserted or what activities are accused of infringement and, therefore, cannot take a position on this issue. Defendants contend that Kelora is estopped from relitigating any stipulated construction from the *PartsRiver* decision, which Kelora disputes.

With respect to the other issues, Kelora suggests they could be addressed early in the proceedings, as the Court is well aware those issues are typical of the defenses raised in patent cases such as this, and discovery and resolution of those defenses should occur on the same timeline as the other issues in the case.

## II. PROPOSED DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26

### A. Discovery Schedule

The parties propose the following pretrial schedule:

| Event | Dates proposed by Kelora | Dates proposed by Defendants |
|---|---|---|
| Filing | November 8, 2010 | N/A |
| Preliminary Pretrial Conference | March 3, 2011 | N/A |
| Deadline for Initial Disclosures Pursuant to Rule 26(a)(1) | March 17, 2011 | March 30, 2011 |
| Deadline to Amend Pleadings without leave of Court | April 15, 2011 | May 13, 2011 |
| Deadline for Parties to Submit Joint Proposed Protective Order | April 15, 2011 | N/A |
| Deadline to Disclose Initial Infringement Contentions and Asserted Claims | March 30, 2011 | March 30, 2011 |
| Deadline to Disclose Initial Invalidity and Unenforceability Contentions | April 27, 2011 | May 13, 2011 |
| Deadline to Exchange List of Claim Terms and Proposed Claim Constructions | May 18, 2011 | June 3, 2011 |

| Event | Dates proposed by Kelora | Dates proposed by Defendants |
|---|---|---|
| Deadline to File Opening Claim Construction Brief (Simultaneous briefs by all parties) | May 25, 2011 | June 30, 2011 |
| Deadline to File Responsive Claim Construction Brief (Simultaneous briefs by all parties) | June 15, 2011 | July 21, 2011 |
| Claim Construction Hearing | June 24, 2011 | August 5, 2011 |
| Deadline to File Opening Expert Reports (Liability or Liability and Damages) | August 17, 2011 | October 4, 2011 |
| Deadline to File Rebuttal Expert Reports (Liability or Liability and Damages) | September 15, 2011 | November 3, 2011 |
| Deadline to File Motions for Summary Judgment and other Dispositive Motions | October 12, 2011 | December 15, 2011 |
| Deadline to File Opening Expert Reports (Damages) | November 2, 2011 | March 6, 2012 |
| Deadline to File Rebuttal Expert Reports (Damages) | November 30, 2011 | April 5, 2012 |
| End of Discovery | February 16, 2012 | May 17, 2012 |
| Deadline for all Rule 26 Disclosures and motions in limine | February 16, 2012 | May 17, 2012 |
| Deadline for all Rule 26 Objections and responses to motions in liminie | March 1, 2012 | May 31, 2012 |
| Final pre-trial conference | March 15, 2012 | June 14, 2012 |
| Trial | March 26, 2012 | June 25, 2012 |

Trial for 1800 Flowers between February 1 and May 21, 2012 would present an extreme hardship as this is the company's busiest season and its resources, including those expected to testify in this matter based on the limited information available to date, are fully committed during this time period.

  **B.  Other Items**

    1.  **<u>Discovery Limits</u>**

  The parties agree to abide by the limits in Federal Rules of Civil Procedure 33, 34, and 36.

  Plaintiff may take a total of three depositions (inclusive of both 30(b)(6) depositions and 30(b)(1) depositions of employees or agents) per defendant party. Defendants may collectively

take 14 hours of deposition (inclusive of both 30(b)(6) depositions and 30(b)(1) depositions of employees or agents) of Plaintiff; and, in addition, each Defendant may take an additional 7 hours of deposition (inclusive of both 30(b)(6) depositions and 30(b)(1) depositions of employees or agents). For avoidance of doubt, these limits do not apply to depositions of third parties or experts. The parties agree to use all reasonable efforts to coordinate the scheduling of 30(b)(6) depositions to coincide with depositions taken of individuals in their personal capacity, to minimize inconveniencing the witnesses. In addition, the parties shall meet and confer in good faith regarding the number and scope of 30(b)(6) topics in order to minimize any undue burden.

The parties agree that no party may engage in discovery conduct that is unduly burdensome or harassing in nature. Notwithstanding this agreement, either party may seek leave of court to exceed these agreed upon limits for good cause shown.

2. **Expert Discovery**

The parties agree that, consistent with the 2010 amendments to Federal Rule of Civil Procedure 26, communications with experts and drafts of expert reports are not discoverable. The parties further agree that materials relied upon by experts in forming opinions expressed in final expert reports shall be discoverable.

An expert shall be made available for a deposition following service of an expert report. The deposition shall be limited to seven hours where the report covers common issues. Where the report covers issues specific to a party, the expert deposition shall be limited to seven hours plus an additional three hours per additional party addressed in the expert report.

3. **Privilege Issues**

(a) The parties agree that the inadvertent production or disclosure of privileged or otherwise protected materials shall not be deemed per se a waiver or impairment of any claim of

privilege or protection. The parties will negotiate in good faith a provision concerning inadvertent production in connection with a Proposed Protective Order.

(b) The parties agree that the following do not need to be included on any privilege log provided pursuant to Rule 26(b)(5): any communications and documents generated after the commencement of the litigation, if privileged or protected as work product. Notwithstanding the foregoing, the parties reserve the right to request information within the scope of Rule 26(b)(5)(A) regarding such communications and documents on a case-by-case basis.

4. **Protective Order**

The parties will submit to the Court a proposed Protective Order governing the production and use of confidential information to be produced.

5. **Electronic Service**

The parties hereby consent in writing that service by electronic means shall be allowed as set forth in Federal Rule of Civil Procedure 5(b)(2)(E) and that such service shall be deemed complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful. The parties agree that a document is deemed served on a particular day if sent by midnight CT on that calendar day; otherwise it is deemed served on the next calendar day. The parties will meet and confer regarding service lists, but in the absence of any additional agreement, the parties will serve outside counsel via the e-mail addresses shown on the signature page of this document.

6. **Electronic Discovery**

The parties agree to produce all documents electronically, and agree to discuss and seek agreement on protocols with respect to identification, review, and production of electronically stored information. Electronically stored information shall be produced in an electronic format to be agreed upon by the parties. The parties will meet and confer regarding the scope and

logistics of document production. The parties agree that this paragraph is not intended to alter the scope of discovery in this case.

Dated: February 28, 2011

Respectfully submitted,

| | |
|---|---|
| By: *s/ Robert D. Becker* <br> Robert D. Becker <br> Ronald S. Katz <br> Shawn G. Hansen <br> MANATT, PHELPS & PHILLIPS, LLP <br> 1001 Page Mill Road, Building 2 <br> Palo Alto, CA 94304 <br> Telephone: (650) 812-1300 <br> Email: rbecker@manatt.com <br> Email: rkatz@manatt.com <br> Email: shansen@manatt.com | By: *s/ Kimball R. Anderson* <br> Kimball R. Anderson <br> Marlon E. Lutfiyya <br> WINSTON & STRAWN LLP <br> 35 West Wacker Drive <br> Chicago, Illinois 60601-5600 <br> Phone: (312) 558-5600 <br> Fax: (312) 558-5700 <br> kanderson@winston.com <br> mlutfiyya@winston.com <br> <br> *Attorneys for Defendant* <br> DELL INC. |
| Catherine Cetrangolo <br> BOARDMAN LAW FIRM LLP <br> One South Pinckney Street, 4th Floor <br> P.O. Box 927 <br> Madison, WI 53701 <br> Telephone: 608-283-1703 <br> Email: ccetrangolo@boardmanlawfirm.com <br> <br> *Attorneys for Plaintiff* <br> KELORA SYSTEMS, LLC | |
| By: *s/ Aaron W. Moore* <br> Matthew B. Lowrie <br> Aaron W. Moore <br> FOLEY & LARDNER LLP <br> 111 Huntington Avenue <br> Suite 2600 <br> Boston, MA 02199-7610 <br> Tel: (617) 342-4000 <br> Email: mlowrie@foley.com <br> Email: amoore@foley.com | By: *s/ Shane A.Brunner* <br> Shane A. Brunner <br> Joel F. Graham <br> MERCHANT & GOULD, P.C. <br> 10 E. Doty Street, Suite 600 <br> Madison, WI 53703-3376 <br> Phone: 608-280-6750 <br> Facsimile: 612-332-9081 <br> sbrunner@merchantgould.com <br> jgraham@merchantgould.com |
| Allen A. Arntsen <br> FOLEY & LARDNER LLP <br> 150 East Gilman Street <br> Madison, WI 53703-2808 | *Attorneys for Defendant* <br> MASON COMPANIES, INC., D/B/A <br> MARYLAND SQUARE |

Tel: (608) 257-5035
Email: aarntsen@foley.com

*Attorneys for Defendants*
BRIGGS & STRATTON, INC. AND PC CONNECTION, INC.

| | |
|---|---|
| By: *s/ Niall A. MacLeod* <br> Niall A. MacLeod (MN#269281) <br> Aaron A. Myers (MN#0311959) <br> BARNES & THORNBURG LLP <br> 225 South Sixth Street, Suite 2800 <br> Minneapolis, Minnesota 55402 <br> (612) 333-2111 <br> Email: Niall.macleod@btlaw.com <br> Email: Aaron.myers@btlaw.com <br><br> *Attorneys for Defendant* <br> ROCKLER COMPANIES, INC. | By  *s/ James D. Peterson* <br> James D. Peterson <br> jpeterson@gklaw.com <br> Jennifer L. Gregor <br> jgregor@gklaw.com <br> GODFREY & KAHN, S.C. <br> One East Main Street, Suite 500 <br> P.O. Box 2719 <br> Madison, WI 53701 <br> Phone: (608) 257-3911 <br> Fax:    (608) 257-0609 <br><br> Brian G. Gilpin <br> bgilpin@gklaw.com <br> GODFREY & KAHN, S.C. <br> 780 North Water Street <br> Milwaukee, WI  53202-3590 <br> Phone:  (414)-273-3500 <br> Fax:    (414)-273-5198 <br><br> Kent E. Baldauf, Jr. <br> kbaldaufjr@webblaw.com <br> Daniel H. Brean <br> dbrean@webblaw.com <br> WEBB LAW FIRM <br> 700 Koppers Building <br> 436 Seventh Avenue <br> Pittsburgh, PA  15219 <br> Phone: (412) 471-8815 <br> Fax:    (412) 471-4094 <br><br> *Attorneys for Defendant* <br> NEWEGG INC. |
| By    *s/ James D. Peterson* <br> James D. Peterson <br> jpeterson@gklaw.com <br> Jennifer L. Gregor | By    *s/ James D. Peterson* <br> James D. Peterson <br> jpeterson@gklaw.com <br> Jennifer L. Gregor |

11

jgregor@gklaw.com
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701
Phone: (608) 257-3911
Fax:   (608) 257-0609

Brian G. Gilpin
bgilpin@gklaw.com
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, WI 53202-3590
Phone:  (414)-273-3500
Fax:    (414)-273-5198

*Of Counsel*

John S. Letchinger
letchinger@wildman.com
Douglas S. Rupert
rupert@wildman.com
WILDMAN, HARROLD, ALLEN & DIXON, LLP
225 West Wacker Drive, Suite 3000
Chicago, IL 60606
Phone: (312) 201-2000
Fax:   (312) 201-2555

*Attorneys for Defendant*
OFFICEMAX INC.

By: *s/ Catherine E. Hart*
Vaibhav P. Kadaba
Catherine E. Hart
KILPATRICK TOWNSEND & STOCKTON
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530
Tel: (404) 815-6500
Fax: (404) 815-6555
Email: wkadaba@kilpatricktownsend.com
Email: chart@kilpatricktownsend.com

*Attorneys for Defendant*
1-800-FLOWERS.COM, INC.

jgregor@gklaw.com
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701
Phone: (608) 257-3911
Fax:   (608) 257-0609

Brian G. Gilpin
bgilpin@gklaw.com
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, WI 53202-3590
Phone:  (414)-273-3500
Fax:    (414)-273-5198

David Joyal
joyald@gtlaw.com
GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, NJ 07932
Phone:  (973)-360-7900
Fax:    (973)-301-8410

*Attorneys for Defendant*
CIRCUITCITY.COM INC.

By *s/ Dan D. Davison*
   Dan D. Davison (Texas Bar No. 05590900)
   ddavison@fulbright.com
   Attorney-in-Charge
FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Tel:   (214) 855-8000
Fax:   (214) 855-8200

   Richard S. Zembek (Texas Bar No. 00797726)
   rzembek@fulbright.com

12

Daniel S. Leventhal (Texas Bar No. 24050923)
dleventhal@fulbright.com
FULBRIGHT & JAWORSKI L.L.P.
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel:   (713) 651-5151
Fax:   (713) 651-5246

Gilbert A. Greene (Texas Bar No. 24045976)
ggreene@fulbright.com
FULBRIGHT & JAWORSKI L.L.P.
600 Congress Avenue, Suite 2400
Austin, TX 78701-2978
Tel:   (512) 474-5201
Fax:   (512) 536-4598

*Attorneys for Defendants*
TARGET CORPORATION, AMAZON.COM, INC., OFFICE DEPOT, INC., COSTCO WHOLESALE CORPORATION, AND HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P.

By      *s/ Anthony A. Tomaselli*
Anthony A. Tomaselli
aat@quarles.com
Kristin Graham Noel
kgn@quarles.com
Martha Jahn Snyder
martha.snyder@quarles.com
QUARLES & BRADY LLP
33 East Main Street, Suite 900
P.O. Box 2113
Madison, WI  53701-2113
Tel:   (608) 251-5000
Fax:   (608) 251-9166

*Attorneys for Defendants*
NATIONAL BUSINESS FURNITURE, LLC AND SHOPKO STORES OPERATING CO., LLC

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 28, 2011, I caused the foregoing JOINT PRELIMINARY PRETRIAL REPORT to be electronically filed with the Clerk of Court using the ECF system, which will make this document available to all counsel of record for viewing and downloading from the ECF system.

                                                /s/ *Robert D. Becker*
                                                Robert D. Becker

300220280.1