**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

KELORA SYSTEMS, LLC,

Plaintiff,

v. Case No. 10-CV-683

TARGET CORPORATION, et. al,

Defendants.

---

**MEMORANDUM IN SUPPORT OF DEFENDANT MASON'S**
**MOTION FOR PROTECTIVE ORDER**

---

In support of its Motion for Protective Order, Defendant Mason Companies, Inc. ("Mason") states as follows:

**INTRODUCTION**

The Court should enter a protective order barring Plaintiff Kelora Systems, LLC ("Kelora") from taking a deposition of Mason on the topics set forth in its March 4, 2011 Rule 30(b)(6) deposition notice. Kelora's Rule 30(b)(6) notice is improper because its seeks fact witness testimony on the bases for Mason's defenses and counterclaims, including patent invalidity, noninfringement, and intervening rights. Courts in patent cases bar Rule 30(b)(6) depositions on topics concerning a party's contentions as an inappropriate, improper and unduly burdensome means of discovering that information. *See*, *e.g.*, *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 287-88 (N.D. Cal. 1991), *rev'd on other grounds*, 765 F. Supp. 611 (N.D. Cal. 1991).

Indeed, to testify on the topics of Kelora's Rule 30(b)(6) notice, Mason would have to spend an inordinate amount of time preparing a non-patent-attorney fact witness to memorize all

of the underlying facts and to understand the relationship of those facts to complex rules of patent law. Mason would then have to hope that the witness could competently and completely regurgitate those facts and apply them to the patent laws during the deposition. Clearly, such an effort would be extremely burdensome, oppressive, unreasonable, and unfair.

Mason does not dispute that Kelora may discover from Mason the facts upon which it will rely to support its claims and defenses in this case, especially after the scheduled time for contentions and when Mason's investigation into its defenses is substantially complete. That discovery, however, should be sought through more appropriate, accurate, efficient, and less burdensome means, such as interrogatories and document requests. Kelora has refused to consider such means, even after being made aware of Mason's objections. Instead, Kelora insists on a Rule 30(b)(6) deposition as the exclusive means for discovering Mason's defense and counterclaim contentions.

Kelora's unwillingness to seek Mason's contentions through alternate and more appropriate forms of discovery reveals its intentions. Kelora presumably prefers Rule 30(b)(6) testimony over interrogatory responses because even the best prepared non-patent-attorney witnesses could not possibly testify competently and completely about the complex relationship between the facts and legal principles underlying Mason's defenses. Kelora may then try to use this unavoidably problematic and incomplete testimony to bind Mason and attempt to limit the evidence Mason can offer in support of its defenses. Such a strategy, however, is a perversion of both the letter and spirit of the Federal Rules of Civil Procedure and should not be permitted.

Because Kelora's legitimate discovery needs can be satisfied through other more appropriate, accurate, efficient, and less burdensome means, the Court should enter a protective order barring Kelora's Rule 30(b)(6) Notice.

## STATEMENT OF FACTS

On November 23, 2010, Kelora filed a complaint for patent infringement against Mason and nineteen other defendants. Since that time, Mason has answered the complaint and the Defendants have moved to dismiss it on several grounds. The Defendants have also moved to transfer this case to the Northern District of California, where cases involving the same patent are pending before Judge Wilken, who previously found the patent invalid before it was amended during a reexamination.

On February 24, 2011, the parties held a Rule 26(f) conference to discuss scheduling and discovery issues. The parties later submitted a Joint Preliminary Pretrial Conference Report wherein they agreed to "meet and confer in good faith regarding the number and scope of 30(b)(6) topics in order to minimize any undue burden" and "that no party may engage in discovery conduct that is unduly burdensome and harassing in nature." (Dkt. No. 144 at 8).

On March 3, 2011, the Court held the Preliminary Pretrial Conference. The Court set March 30 as the date for Kelora's initial infringement contentions and April 29 for Defendants' initial invalidity contentions. Subsequently, the parties stipulated to move the infringement and invalidity contentions to May 2 and June 1, respectively. The trial in this case is set for August 2012. (Dkt. No. 152 at 7).

On March 4, 2011, Kelora ignored the parties' agreement to confer in good faith regarding the scope of Rule 30(b)(6) topics and served a Rule 30(b)(6) notice on Mason demanding that it produce a witness on March 24, 2011, to testify on topics set forth therein. (Ex. A). Topics 1-10 of the deposition notice seek the bases for Mason's defenses and counterclaims, such as patent invalidity under 35 U.S.C. §§ 102, 103, 112 and others, noninfringement, intervening rights under 35 U.S.C. §§ 252 and 307, and lack of irreparable

harm. Topics 11-12 pertain to Mason's 2010 gross sales from its website and its corporate structure. (*Id.*)

On March 9, 2011, counsel for Mason informed counsel for Kelora that Mason was not available for a deposition on March 24 and that it would look for alternative deposition dates. (Ex. C at 6). After investigation, Mason determined that topics 1-10 were inappropriate and unfair subjects for a Rule 30(b)(6) deposition because no fact witness could testify competently and completely about them, they were premature in light of the Court's deadlines for infringement and invalidity contentions, and they were unduly burdensome.

As for topics 11 and 12, Mason determined that it would be unduly burdensome to have an officer of the company drive 190 miles from its headquarters in Chippewa Falls, Wisconsin to Madison to provide testimony as to the amount of 2010 sales it made through its website and as to its corporate structure when those facts could be more efficiently and accurately discovered through interrogatories and requests for production. Moreover, Mason determined that several of the topics in the deposition notice call for Mason to disclose highly confidential business information without a protective order in place governing disclosure of that information.

On March 17, Mason served formal objections to Kelora's Rule 30(b)(6) deposition notice and again informed Kelora that no witness would be produced on March 24. (Ex. B; Ex. C at 2-3). Despite these objections, which cited supporting case law, and Kelora's knowledge of Mason's unavailability, Kelora insisted that the deposition go forward on March 24 unless Mason agreed to reschedule the deposition on its first available date. (Ex. C at 2). Mason has not provided any alternative deposition dates to Kelora because, as set forth herein, the topics in Kelora's notice are inappropriate for a Rule 30(b)(6) deposition and should be discovered by other means.

Kelora has suggested through correspondence that it urgently and immediately needs discovery on the subject matter set forth in its Rule 30(b)(6) notice because "there is too much work to be done in this matter." (Ex. C at 5). Kelora's suggested urgency to obtain discovery, however, is belied by its inaction. Although Kelora sued twenty defendants, the only discovery it has served thus far is one Rule 30(b)(6) notice on Mason. If Kelora urgently and immediately needed discovery in this case, it would have served interrogatories and document requests on Mason and the other defendants by now and would not have stipulated to extend the dates for infringement and invalidity contentions by a month.[1]

On March 22, counsel for Mason met and conferred with counsel for Kelora in a good faith effort to resolve the dispute without Court intervention. The parties were unable to resolve their dispute. Consequently, Mason moves for a protective order barring Kelora's Rule 30(b)(6) deposition.

## ARGUMENT

The Court has broad discretion to limit discovery that "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Upon a showing of good cause, the Court may issue a protective order "prescribing a discovery method other than the one selected by the party seeking discovery." Fed. R. Civ. P. 26(c)(1)(A). A protective order barring Kelora's Rule 30(b)(6) notice is necessary to protect Mason from inappropriate, unfair, premature, and unduly burdensome discovery. The discovery sought by Kelora can be obtained by more appropriate and far less burdensome means, such as interrogatories and document requests. Therefore, the Court should enter a protective order barring Kelora's Rule 30(b)(6) deposition notice.

---

[1] Although no defendant other than Mason has answered the Complaint, discovery is open as to all parties after the Rule 26(f) conference, which took place on February 24. Fed. R. Civ. P. 26(f).

## I. THE COURT SHOULD ENTER A PROTECTIVE ORDER BARRING TOPICS 1-10 OF KELORA'S RULE 30(b)(6) DEPOSITION NOTICE.

Topics 1-10 seek the bases for Mason's defenses and counterclaims in this case. The law is clear that a deposition under Rule 30(b)(6) is an inappropriate, improper, and unduly burdensome means to obtain the bases of a party's defenses and counterclaims in a patent case, and a protective order is the appropriate way to bar such discovery. *McCormick*, 134 F.R.D. at 286.

In *McCormick*, like here, an alleged infringer moved for a protective order barring the patentee from taking a Rule 30(b)(6) deposition on topics concerning the bases of its patent infringement defenses and counterclaims. *Id*. at 285-86. The court granted the motion for protective order, reasoning that "bases for contention" topics are inappropriate in patent cases because "no one human being can be expected to set forth, especially orally in deposition, a fully reliable and sufficiently complete account of all the bases for the contentions made and positions taken by a party." *Id.* at 286.

The *McCormick* court further explained that "bases for contentions" in patent cases involve complex judgments about the relationship between the facts and laws that a non-patent-lawyer deponent would be ill-equipped to address:

> determining what the bases for contentions are in this environment involves complex judgments about the relationship between at least three kinds of things: (1) evidence/facts/events in the real world (outside litigation), (2) "claims" as particularly set forth in the patent in issue and in other patents or other material presented to the patent office, and (3) principles of intellectual property law set forth in statutes and in judicial opinions. A non-lawyer deponent might have great knowledge about the products in issue here, but be quite ill-equipped to reason reliably about the legal implications of the relationship between those products, or their components, and the various claims of the patent in suit or of other patents or prior art. Patent cases turn peculiarly on a conceptually dense dynamic between physical objects, words in claims, and principles of law. Understanding that dynamic, and describing the relationships that serve as the bases for a given parties' contentions, is something best done by patent lawyers, and best done after

> at least most other discovery has been completed. After all, in cases like these, a substantial part of "the bases for contentions" really consists of *quasi-legal argument.*

*Id*. at 287.

Consistent with *McCormick*, courts regularly bar Rule 30(b)(6) depositions directed to a party's contentions in patent cases. In *Alloc, Inc. v. Unilin Beheer B.V.*, the court recognized that a "party may properly resist a Rule 30(b)(6) deposition on the ground that the information sought is more properly sought through contention interrogatories." Case No. 02-C-1266, 2006 U.S. Dist. LEXIS 65889, at *4 (E.D. Wis. Apr. 29, 2006). On that basis, the court barred the plaintiff patentee from deposing the defendant pursuant to Rule 30(b)(6) on topics relating to the bases for defendant's contentions. *Id*.

Numerous other courts have similarly barred Rule 30(b)(6) testimony concerning contentions in a patent case. *See e.g.*, *Smithkline Beecham Corp. v. Apotex Corp.*, Case No. 98-C-3952, 2000 U.S. Dist. LEXIS 667, at *27-28 (N.D. Ill. Jan. 24, 2000) (holding that "the recipient of a Rule 30(b)(6) request is not required to have its counsel muster all of its factual evidence to prepare a witness to be able to testify regarding a defense or claim" and that a "Rule 30(b)(6) deposition is an inefficient means of ascertaining" contention information); *Kinetic Concepts, Inc. v. Convatec, Inc.*, 268 F.R.D. 255, 256, 263 (M.D.N.C. 2010) (entering protective order barring Rule 30(b)(6) deposition concerning the "basis for Defendants' asserted counterclaims and defenses"); *IGT v. Alliance Gaming Corp.*, Case No. 2:04-cv-1676-RCJ, 2006 U.S. Dist. LEXIS 72165, at *12 (D. Nev. Sept. 28, 2006) (affirming magistrate judge's protective order barring 30(b)(6) deposition on patent contentions); *Smithkline Beecham Corp. v. Apotex Corp.*, Case No. 99-cv-4303, 2004 U.S. Dist. LEXIS 8990, at *10-13 (E.D. Pa. Mar. 23,

2004) (entering a protective order barring discovery of legal contentions by 30(b)(6) deposition in patent case).

Kelora has cited only one case to Mason to support its position. That case, *Ecrix Corp. v. Exabyte Corp.*, 95 F. Supp. 2d 1155 (D. Colo. 2000), provides no persuasive grounds for a different conclusion. There, unlike here, the court rejected the patentee's argument that infringement contentions were solely a matter of expert testimony or work product. *Id*. at 1159. To the extent that *Ecrix* is relevant at all to the issues here, *Ecrix* did not address or attempt to distinguish any of the legion of cases finding Rule 30(b)(6) depositions to be an inappropriate means of discovering a party's contentions in a patent case. Notably, no other patent case cites *Ecrix* for the proposition that Rule 30(b)(6) depositions are an appropriate means to obtain bases for contentions. Thus, *Ecrix* has not been followed in patent cases and is not persuasive.

Mason does not dispute that Kelora may seek discovery of the facts upon which Mason will rely to support its claims and defenses, especially after investigation into its claims and defenses is substantially complete. The test, however, for determining how such discovery should be obtained is "which device would yield most reliably and in the most cost-effective, least burdensome manner information that is sufficiently complete to meet the needs of the parties and the court in a case like this." *McCormick*, 134 F.R.D. at 286. The clear answer here is interrogatories and document requests.

Interrogatories are the preferred, and in most cases, the only appropriate means for contention discovery on complex issues, such as patent claims and defenses. *Kinetic Concepts*, 268 F.R.D. at 260; *Nycomed US Inc. v. Glenmark Generics, Ltd.*, Case No. 08-cv-5023 (CBA), 2009 U.S. Dist. LEXIS 97410, at *4 (E.D.N.Y. Oct. 21, 2009) (reasoning that contention interrogatories are more appropriate than "blunderbuss" 30(b)(6) topics). Indeed, interrogatories

are more affordable than depositions, and they are also more useful because information from all sources can be synthesized and presented to the requesting party in a comprehensible manner. *Smithkline Beecham Corp.*, 2000 U.S. Dist. LEXIS 667 at *31; *see also Smithkline Beecham Corp.*, 2004 U.S. Dist. LEXIS 8990 at *10 ("A better method would be for Smithkline to respond to interrogatories because then it would be able to receive input from both its attorneys and other persons familiar with its patents."); *McCormick*, 134 F.R.D. at 287; *Byrd v. Wal-Mart Transp. LLC*, Case No. CV609-014, 2009 U.S. Dist. LEXIS 87356, at *13 n.7 (S.D. Ga. Sept. 23, 2009) ("[A]sking a lay 30(b)(6) witness to undertake on-the-spot legal analysis in order to respond to contention questions is asking too much, especially since the company's lawyer is far better equipped to formulate full and complete responses for his client to sign.").

In fact, interrogatories are so much more efficient, economical, and useful to discover the bases of a party's contentions in a patent case that Kelora's steadfast refusal to consider anything but a deposition suggests that it is more interested in gaining a tactical advantage than actually discovering the bases for Mason's contentions. Mason can only assume that Kelora's goal is to excessively burden Mason by forcing it to prepare an ill-equipped fact witness to testify about the bases for its contentions at an premature stage of the case. Such a discovery strategy is improper and should not be permitted.

Kelora may argue in response that its Rule 30(b)(6) topics seek only the factual bases and not the legal bases for Mason's contentions. The use of the phrase "factual basis" does not, however, transform Kelora's Rule 30(b)(6) topics into something other than improper "bases for contentions." As explained in *McCormick*, in "a patent case like this, the bases for contentions do not consist exclusively of relatively straightforward facts or evidence, as might be true, by contrast, in a case arising out of a traffic accident." *Id.* at 287. In other words, "to set forth the

bases for contentions in this case, it is not enough to describe real world facts and events, even in considerable detail." *Id.* Thus, even when couched in factual language, the "'bases for contentions' really consist[] of *quasi-legal argument*" in a patent case. *Id.*; *see also Nycomed*, 2009 U.S. Dist. LEXIS 97410 at *4, 5 n.2 (reasoning that Rule 30(b)(6) topics directed to the "factual and legal bases" for claims and defenses were "thinly disguised efforts" to have party elaborate on legal theories). Thus, any argument by Kelora that its topics are appropriate because they say "factual basis" is unavailing.

Because Kelora's Rule 30(b)(6) topics 1-10 are inappropriate, unduly burdensome, and can be obtained through less burdensome means, there is good cause to enter a protective order barring topics 1-10 of Kelora's Rule 30(b)(6) deposition notice.

## II. THE COURT SHOULD ENTER A PROTECTIVE ORDER BARRING TOPICS 11-12 OF KELORA'S RULE 30(b)(6) NOTICE.

A protective order is necessary for topics 11 and 12 because they are unduly burdensome, and Kelora can obtain this information more accurately and efficiently by interrogatory. Topics 11 and 12 request information on Mason's gross revenues and corporate structure. (Ex. A). It makes little sense to have a Mason employee travel 190 miles from its corporate headquarters in Chippewa Falls, Wisconsin to Madison solely to provide information that can be far more easily, inexpensively and accurately provided in response to an interrogatory or document request.[2] In the event that Kelora would reasonably need clarification of Mason's interrogatory responses or document production relating to the subject matter of topics 11 and 12, a deposition of a Mason witness might be appropriate at a later time.

[2] Kelora has suggested that it might be willing to consider a location other than Madison for a deposition on topics 11 and 12. Even if that location were Chippewa Falls, it would not alleviate the burden of having Mason's counsel travel to Chippewa Falls for a deposition and having an officer of the company prepare for these two topics and then appear at a deposition concerning matters that are far more easily and accurately addressed in interrogatories and a document requests, especially at this stage of the case.

Again, Kelora's steadfast insistence on obtaining this information through a Rule 30(b)(6) deposition, rather than through an interrogatory or document request, suggests that its primary interest may not be in obtaining information, but instead in burdening Mason. As with Kelora's contentions topics, the Court should issue a protective order preventing Rule 30(b)(6) testimony on topics 11-12 because such testimony would be unduly burdensome and unreasonably expensive in light of other more appropriate means of obtaining that information. Fed. R. Civ. P. 26(c)(1)(C). Therefore, good cause exists to enter a protective order barring Kelora's Rule 30(b)(6) deposition on topics 11-12.

## III. A PROTECTIVE ORDER COVERING CONFIDENTIAL BUSINESS INFORMATION SHOULD BE ENTERED BEFORE ANY SUCH INFORMATION IS DISCLOSED.

Several of Kelora's Rule 30(b)(6) deposition topics, such as Topics 2, 3, 6, 9, 11 and 12, call for Mason to disclose highly confidential business information. (Ex. A). Mason objects to disclosing such confidential business information prior to an order protecting such information from disclosure to and use by others.

Typically, the parties to patent litigation submit a stipulated proposed order to the Court governing the disclosure of confidential business information. Kelora raised the need for such an order at the parties' Rule 26(f) conference and in the Joint Preliminary Pretrial Report where it proposed that such a submission be made to the Court by April 15. (Dkt. No. 144 at 6). Kelora has thus far taken no steps to make that happen. To the extent the Court requires Mason to disclose any confidential business information, Mason requests that it not be required to disclose that information until a protective order governing the disclosure is in place.

**CONCLUSION**

For the reasons set forth above, Mason respectfully requests that the Court enter a protective order barring Kelora's Rule 30(b)(6) deposition notice.

Dated: March 22, 2011

Respectfully submitted,

/s/ Shane A. Brunner
Shane A. Brunner
Joel F. Graham
MERCHANT & GOULD, P.C.
10 E. Doty Street, Suite 600
Madison, WI 53703-3376
Phone: 608-280-6753
Facsimile: 612-332-9081
sbrunner@merchantgould.com
jfgraham@merchantgould.com

Attorneys for Defendant Mason Companies, Inc., d/b/a Maryland Square