Kimball R. Anderson (*pro hac vice pending*)
Marlon E. Lutfiyya (*pro hac vice pending*)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601-5600
Tel: (312) 558-5600
Fax:  (312) 558-5700

Howard I. Shin (*pro hac vice pending*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Tel: (212) 294-6700
Fax: (212) 294-4700

David S. Bloch (SBN: 184530)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Tel: (415) 591-1000
Fax: (415) 591-1400

*Attorneys for Defendant Dell Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| KELORA SYSTEMS, LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>TARGET CORPORATION, et al.,<br><br>                    Defendants. | Case No. 4:11-cv-01548-CW<br><br>**NOTICE OF MOTION AND RENEWED MOTION OF DEFENDANT DELL INC. TO DISMISS COMPLAINT**<br><br>Date:       Thursday, June 9, 2011<br>Time:      2:00 p.m.<br>Place:      Courtroom 2, 4th Floor |

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

### NOTICE

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:  Please take notice that Defendant Dell Inc. hereby moves for an Order dismissing the Complaint of Plaintiff Kelora Systems, LLC for failure to state a claim.  This motion is scheduled for a hearing before Judge Wilken on June 9, 2011, at 2:00 p.m. in Courtroom 2 on the 4th Floor of the United States District Court at 1301 Clay Street, Oakland, California 94612.

### RELIEF REQUESTED

By this motion, Defendant Dell Inc. seeks an Order of this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing all claims in this action of Kelora Systems, LLC against Dell.

### ISSUES TO BE DECIDED

This motion presents the following issues for the Court to decide:

- Whether the Complaint of Plaintiff Kelora Systems, LLC meets the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure.  (No.)

- Whether the doctrine of collateral estoppel precludes Plaintiff Kelora Systems, LLC from asserting the claims of U.S. Patent No. 6,275,821 Patent against Dell Inc.  (Yes.)

-i-

# TABLE OF CONTENTS

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

I.     Introduction ................................................................................................................. 1

II.    Background .................................................................................................................. 2

       A.    Plaintiff's Complaint ........................................................................................ 2

       B.    Plaintiff ............................................................................................................ 2

       C.    Litigation History ............................................................................................ 3

III.   Plaintiff's Complaint Fails to Meet the Pleading Requirements for Patent Complaints .......... 5

IV.    Plaintiff Is Precluded by Collateral Estoppel From Asserting the Claims of the '821 Patent .. 9

       A.    Claims 1 and 2 of the '821 Patent Are Invalid by the Order of This Court ................. 9

       B.    Collateral Estoppel Applies to the Amended Claims of the '821 Patent .................... 10

             1.    Reexamination of the '821 Patent by an Administrative Agency Does Not
                   Change the District Court's Holding ............................................................ 10

             2.    Plaintiff's Amendments Do Not Alter the Invalidity of the Claims ............... 11

                   a.    Collateral Estoppel Applies to Amended Claims of an Invalidated
                         Patent ........................................................................................... 11

                   b.    Plaintiff Admits That the Amended Claims Are Legally Identical to
                         the Invalid Claims ........................................................................ 12

                   c.    The Amended Claims of the '821 Patent Do Not Raise New Issues .. 13

V.     Conclusion ................................................................................................................. 14

1

<u>TABLE OF AUTHORITIES</u>

**Page(s)**

2

**CASES**

3

*Amgen, Inc. v. Genetics Inst., Inc.*,
 98 F.3d 1328 (Fed. Cir. 1996) ................................................................................11

4

5

*Antonious v. Spalding & Evenflo Cos., Inc.*,
 275 F.3d 1066 (Fed. Cir. 2002) ...............................................................................7

6

7

*Ashcroft v. Iqbal*,
 129 S. Ct. 1937 (2009) .....................................................................................1, 5, 6

8

*Beckman Instruments, Inc. v. LKB Produkter AB*,
 892 F.2d 1547 (Fed. Cir. 1989) .............................................................................15

9

10

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) .........................................................................................1, 5, 6

11

*Bender v. LG Elec. USA, Inc.*,
 No. C 09-02114, 2010 WL 889541 (N.D. Cal. Mar. 11, 2010) ...............................6

12

13

*Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*,
 402 U.S. 313 (1971) ...................................................................................9, 10, 12

14

15

*Bourns, Inc. v. United States*,
 537 F.2d 486 (Ct. Cl. 1976) ....................................................................................12

16

*Carter-Wallace, Inc. v. United States*,
 496 F.2d 535 (Ct. Cl. 1974) ..............................................................................12, 13

17

18

*Computer Docking Station Corp. v. Dell Inc.*,
 519 F.3d 1366 (Fed. Cir. 2008) .............................................................................15

19

*Conley v. Gibson*,
 355 U.S. 41 (1957) ...................................................................................................5

20

21

*Dana Corp. v. NOK, Inc.*,
 882 F.2d 505 (Fed. Cir. 1989) .................................................................................9

22

23

*Elan Microelectronics Corp. v. Apple, Inc.*,
 No. C 09-01531, 2009 WL 2972374 (N.D. Cal. Sept. 14, 2009) ............................6

24

25

*Hewlett-Packard Co. v. Intergraph Corp.*,
 No. C 03-2517, 2003 WL 23884794 (N.D. Cal. Sept. 6, 2003) ......................5, 7, 8

26

27

*Hughes v. Novi Am., Inc.*,
 724 F.2d 122 (Fed. Cir. 1984) ...............................................................................14

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

-iii-

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

*In re Freeman*,
   30 F.3d 1459 (Fed. Cir. 1994)........................................................................................11

*In re Seagate Tech., LLC*,
   497 F.3d 1360 (Fed. Cir. 2007)........................................................................................8

*In re Swanson*,
   540 F.3d 1368 (Fed. Cir. 2008)........................................................................................11

*Interconnect Planning Corp. v. Feil*,
   774 F.2d 1132 (Fed. Cir. 1985)..................................................................................11, 12

*Interval Licensing LLC v. AOL, Inc.*,
   No. C10-1385 MJP, 2010 WL 5058620 (W.D. Wash. Dec. 10, 2010) ....................................8

*Mathis v. Spears*,
   857 F.2d 749 (Fed. Cir. 1988).........................................................................................14

*Mendenhall v. Barber-Greene Co.*,
   26 F.3d 1573 (Fed. Cir. 1994).........................................................................................9

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
   521 F.3d 1097 (9th Cir. 2008) .........................................................................................6

*PartsRiver v. Shopzilla et al.*,
   2009-1591 (Fed. Cir. Nov. 3, 2010)...................................................................................4

*Pfaff v. Wells Elec., Inc.*,
   525 U.S. 55 (1998)......................................................................................................13

*Pharmacia & Upjohn Co. v. Mylan Pharm., Inc.*,
   170 F.3d 1373 (Fed. Cir. 1999).......................................................................................9

*Phonometrics v. Hospitality Franchise Sys., Inc.*,
   203 F.3d 790 (Fed. Cir. 2000)........................................................................................5

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
   442 F.3d 741 (9th Cir. 2006) .........................................................................................9

*Robotic Vision Sys., Inc. v. View Eng'g, Inc.*,
   249 F.3d 1307 (Fed. Cir. 2001).......................................................................................13

*Scaltech, Inc. v. Retec/Tetra, LLC*,
   269 F.3d 1321 (Fed. Cir. 2001).......................................................................................14

*Skil Corp. v. Lucerne Prod., Inc.*,
   503 F.2d 745 (7th Cir. 1974) .........................................................................................15

*South Corp. v. United States*,
   690 F.2d 1368 (Fed. Cir. 1982).......................................................................................12

*Taurus IP, LLC v. Ford Motor Co.*,
  539 F. Supp. 2d 1122 (W.D. Wis. 2008) .............................................................8, 9

*Triplett v. Lowell*,
  297 U.S. 638 (1936)...................................................................................9, 10

*Westwood Chem., Inc. v. United States*,
  525 F.2d 1367 (Ct. Cl. 1975) ...........................................................................12

STATUTES

35 U.S.C. § 102(b) ............................................................................................13

35 U.S.C. § 284 ..................................................................................................8

35 U.S.C. § 285 ............................................................................................14, 15

35 U.S.C. § 302 ..................................................................................................4

35 U.S.C. § 305 ..................................................................................................4

**Winston & Strawn LLP**
**101 California Street**
**San Francisco, CA 94111-5802**

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant Dell Inc. ("Dell") hereby submits its renewed motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint of Kelora Systems, LLC ("Kelora") for failure to state a claim.  Dell originally brought a motion to dismiss in conjunction with its motion to transfer this case from the District Court for the Western District of Wisconsin.  In granting the motion to transfer, Judge Crabb noted: "I will leave it for the Northern District of California to determine in the first instance whether the complaint fails to satisfy Fed. R. Civ. 8 and whether plaintiff's claims must be dismissed under the doctrine of issue preclusion in light of a previous ruling by the California court."  (Mar. 24, 2011 Op. and Order [Dkt. No. 158].)  Accordingly, Dell hereby moves for an Order of this Court dismissing Kelora's Complaint.

## I.   INTRODUCTION

This is a patent infringement action brought by Kelora asserting U.S. Patent No. 6,275,821 ("the '821 Patent") against Dell and numerous other defendants.  This case should be dismissed because, for at least two distinct reasons, the Complaint filed by Kelora fails to state a claim upon which relief can be granted.

First, the bare-bones Complaint in this action should be dismissed because it fails to meet the pleading requirements for patent infringement actions.  The Complaint does not identify a single accused product, distinguish between 20 separate defendants, or even allege how any of the defendants (either singly or in combination) might have supposedly infringed the unidentified claims of the '821 Patent.  This highly deficient pleading falls significantly short of the standards of *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Second, Kelora is asserting a patent that was previously held invalid in a final judgment entered by this Court.  As Kelora is well aware, its predecessor in interest, PartsRiver, Inc., extensively litigated the '821 Patent before this Court and lost.  Subsequent to a reexamination of the patent, PartsRiver asked the United States Court of Appeals for the Federal Circuit to vacate the judgment of invalidity, but the Federal Circuit refused to do so and instead remanded the case to resolve any issues related to the preservation of this Court's judgment.  On April 21, 2011, this Court denied PartsRiver's motion to vacate the judgment, rejecting PartsRiver's claims that reexamination disturbed the finding of invalidity.  Thus, under settled principles of issue preclusion, Kelora is

precluded from asserting the invalid '821 Patent against Dell.

## II.   BACKGROUND

### A.   PLAINTIFF'S COMPLAINT

Plaintiff alleges in its Complaint that it "is the owner of . . . U.S. Patent No. 6,275,821 ('821 patent') . . . which was duly and properly issued by the U.S. Patent & Trademark Office on August 14, 2001." (Compl. ¶ 25.)  The entirety of Plaintiff's infringement claim, against all of the 20 defendants, is found in paragraph 28, which states: "Defendants, and each of them, have infringed and continue to infringe the '821 patent by inter alia, making and using parametric search systems, including web-based parametric search systems, and performing parametric searches that infringe the '821 patent." (Compl. ¶ 28.)

### B.   PLAINTIFF

Plaintiff Kelora is identified in the Complaint as a Delaware limited liability company located at 19925 Stevens Creek Boulevard, Cupertino, California.  The Complaint also alleges that Kelora is the owner by assignment of the '821 Patent.  No other information regarding Kelora is provided in the Complaint.

Kelora, however, does have a website, at <http://kelora.com>, which states that Kelora Systems LLC, offering "patented, award winning Step Search technology," is located at 19925 Stevens Creek Blvd. #100, Cupertino, CA 95014.  (*See* <http://kelora.com/Contact_US.html>.) According to publicly available registration information, both the Administrative Contact and the Technical Contact for the domain name KELORA.COM are Sherif Danish, 10231 Danub Drive, Cupertino, California.  (*See* Declaration of Howard I. Shin [hereinafter "Shin Decl."] Ex. 1.) Mohamed Sherif Danish is named as an inventor on the face of the '821 Patent.  (*See* '821 Patent at 1.)  And, according to publicly available records filed on October 29, 2010 with the U.S. Patent and Trademark Office ("PTO"), the '821 Patent was assigned for $1.00 from a company named PartsRiver, Inc. to Kelora.  This assignment identifies Sherif Danish as a Managing Member of Kelora and was executed on behalf of Kelora by Sherif Danish.  (*See* Shin Decl. Ex. 2.)

The website for PartsRiver, Inc., found at <http://www.partsriver.com>, identifies Sherif Danish as the CEO of PartsRiver.  (*See* <http://www.partsriver.com/about-us.html>; Shin Decl. Ex.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

3.)  As discussed below, PartsRiver has unsuccessfully litigated the '821 Patent against other defendants.  According to the earlier complaint filed by PartsRiver asserting Mr. Danish's '821 Patent, "PartsRiver is successor to Saqqara, Inc., a company that was in the business of providing software products and services for managing product information."  (Compl. ¶ 11, *PartsRiver, Inc. v. Shopzilla, Inc.*, No. 4:09-cv-811 (N.D. Cal.) [Dkt. No. 1].)  Saqqara Systems, Inc. ("Saqqara") is identified on the face of the '821 Patent as the original assignee of the '821 Patent.  (*See* '821 Patent at 1.)  An article by Sherif Danish dated February 14, 2000, states "Sherif Danish is Chief Technical Officer and Founder of Saqqara Systems Inc. (San Jose, Calif.)."  (*See* "Danish Article 2/14/2000" [Shin Decl. Ex. 4].)  Mr. Danish's biography found in the "Charter Members of the TechWadi 100" also identifies him as the CEO of PartsRiver and founder of Saqqara.  (*See* <http://www. techwadi100.org/members/>; Shin Decl. Ex. 5.)

It is apparent that Kelora, like PartsRiver and Saqqara, is nothing more than a vehicle for Mr. Danish and his '821 Patent.  Having lost its fight over the validity of the '821 Patent in this Court, PartsRiver assigned the '821 Patent to Kelora and attempted to start over with the enforcement of the '821 Patent against a new set of defendants in the Western District of Wisconsin.  Mr. Danish, the named inventor and the person behind these various plaintiff entities, apparently is engaged in a shell game where his invalid patent keeps popping up under new shell entities.  Dell urges this Court to end the shell game.

## C.    LITIGATION HISTORY

More than a year ago, the claims of the '821 Patent were found to be invalid by this Court after Mr. Danish's other company, PartsRiver, Inc., asserted them in *PartsRiver, Inc. v. Shopzilla, Inc.*, No. 4:09-cv-811 (N.D. Cal.).  The defendants in that case filed a motion for summary judgment of invalidity of asserted Claims 1 and 2 of the '821 Patent.  On August 21, 2009, this Court granted the defendants' motion, holding: "The Court concludes that claims 1 and 2 of the '821 patent are invalid due to the on-sale bar because they were the subject of a commercial offer for sale of an invention that was reduced to practice before October 14, 1993."  *PartsRiver, Inc. v. Shopzilla, Inc.*, No. 4:09-cv-811, 2009 WL 2591355, at *7 (N.D. Cal. Aug. 21, 2009).

At the same time that the *PartsRiver* litigation was proceeding, the '821 Patent was also

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

being "reexamined" by the PTO.[1]  On October 28, 2008, the defendants in the *PartsRiver* litigation filed a request with the PTO that Claims 1 and 2 of the '821 Patent be reexamined, resulting in the claims being reconsidered and rejected in view of the prior art.  ("Order Dismissing Appeal," *PartsRiver, Inc. v. Shopzilla, Inc.*, 2009-1591 (Fed. Cir. Nov. 3, 2010) [Shin Decl. Ex. 6] at 2.)

In an attempt to overcome these rejections, the patentee amended the claims and added new Claim 9.  (*Id.*)  Notably, in making these amendments, the patentee argued that:

> Claim 1 is now believed to reflect, albeit explicitly, the legal scope of claim 1 as previously issued.  As such, although the text of claim 1 has been altered by amendment, the claim scope is legally identical to that of originally issued claim 1.  This change in language has been adopted for the sole purpose of terminating the present reexamination to avoid lengthy appeal proceedings.

("May 20, 2010 Amendment," *Ex Parte Reexamination of U.S. Patent No. 6,275,821* [Shin Decl. Ex. 7] at 6; (emphasis added).)  The patentee further stated that "Claim 2 is maintained in the original format of U.S. Patent No. 6,275,821" (*id.* at 2) and that Claim 9 corresponds to Claim 1  (*id.* at 6). Thus, the patentee represented to the PTO that the reexamined claims were identical in claim scope to the original claims of the '821 Patent.  These arguments were accepted, and on November 2, 2010, more than one year after the California court held the claims of the '821 Patent invalid, the PTO issued a reexamination certificate for the '821 Patent.  (*See* U.S. Patent No. 6,275,821 C1 at 1.)

Meanwhile, this Court's invalidity decision was on appeal before the Federal Circuit.  When PartsRiver learned that the reexamination certificate would be issued, it moved to have the California court decision of invalidity vacated as moot on the grounds that the original claims "no longer exist."  (Order Dismissing Appeal at 2.)  This motion was denied by the Federal Circuit on November 3, 2010, and the appeal was dismissed.  (*Id.* at 5.)

In the November 3, 2010 Order dismissing the appeal and denying PartsRiver's motion to vacate, the Federal Circuit remanded the case to this Court for the sole purpose of allowing it to consider PartsRiver's request to vacate the summary judgment decision pursuant to Rule 60(b) of the

---

[1] Under 35 U.S.C. § 302, any person may request that the PTO reexamine an issued patent by filing a request presenting references that predate the patent (i.e., "prior art") along with an explanation of how these references affect the validity of that patent.  Pursuant to 35 U.S.C. § 305, the reexamination is "conducted according to the procedures established for initial examination."

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1   Federal Rules of Civil Procedure.  (*Id.* at 5.)  On April 21, 2011, this Court denied PartsRiver's

2   motion to vacate.  *PartsRiver, Inc. v. Shopzilla, Inc*., 4:09-cv-811, 2011 WL 1522374, at *3 (N.D.

3   Cal., April, 21, 2011).  This Court rejected PartsRiver's arguments that reexamination of the patent

4   warranted vacatur of the invalidity judgment and noted specifically that PartsRiver had represented

5   to the PTO that the reexamined claims of the '821 Patent were identical in claim scope to the

6   original claims.  *Id.* at *2-3.

7   **III.   PLAINTIFF'S COMPLAINT FAILS TO MEET THE PLEADING REQUIREMENTS FOR PATENT**

8         **COMPLAINTS**

9         Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "'a short

10  and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

11  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic*

12  *Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*") (quoting *Conley v. Gibson*, 355 U.S. 41,

13  47 (1957)); *see also* Fed. R. Civ. P. 8(a)(2).  "[T]his requirement ensures that an accused infringer

14  has sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself."

15  *Hewlett-Packard Co. v. Intergraph Corp.*, No. C 03-2517, 2003 WL 23884794, at *1 (N.D. Cal.

16  Sept. 6, 2003) (quoting *Phonometrics v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed.

17  Cir. 2000)).  "While a complaint . . . does not need detailed factual allegations . . . a plaintiff's

18  obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and

19  conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual

20  allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S.

21  at 555; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("*Iqbal*") ("Threadbare recitals of the

22  elements of a cause of action, supported by mere conclusory statements, do not suffice.").

23        A complaint should be dismissed if it "lacks a cognizable legal theory or sufficient facts to

24  support a cognizable legal theory."  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104

25  (9th Cir. 2008).  "The Supreme Court has made clear that while showing an entitlement to relief

26  does not require detailed factual allegations, it does demand more than an unadorned, the-defendant-

27  unlawfully-harmed-me accusation."  *Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531,

28  2009 WL 2972374, at *1 (N.D. Cal. Sept. 14, 2009) (citations omitted).  "[W]here the well-pleaded

-5-

facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled relief." *Id.* (citations omitted).

These pleading requirements apply to patent cases. *Iqbal*, 129 S. Ct. at 1953 ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions. . . .'"). In the context of such cases, notice means at least that the plaintiff must tell the defendant which products allegedly infringe the plaintiff's patent. "[W]ithout identifying specific products or product parts, [Plaintiff] has not put Defendants on notice as to what products or parts are subject to the infringement claim." *Bender v. LG Elec. USA, Inc.*, No. C 09-02114, 2010 WL 889541, at *3 (N.D. Cal. Mar. 11, 2010). "Sufficient allegations would include, at a minimum, a brief description of what the patent at issue does, and an allegation that certain named and specifically identified products or product components also do what the patent does, thereby raising a plausible claim that the named products are infringing." *Id.* at *6.

In this case, Kelora's allegations fall woefully short of the Rule 8(a)(2) pleading standard because they fail to provide Dell with any notice of what Kelora's claims are or the grounds upon which they rest. The *only* allegations of wrongdoing in the Complaint are in paragraph 28, which reads in its entirety as follows:

> Defendants, and each of them, have infringed and continue to infringe the '821 patent by, inter alia, making and using parametric search systems, including web-based parametric search systems, and performing parametric searches that infringe the '821 patent.

(Compl. ¶ 28.)

This language is devoid of any detail that might provide Dell with a clue as to how it allegedly infringes the '821 Patent or how to defend itself. Although Kelora alleges that Defendants "mak[e] and us[e] parametric search systems" and "perform[ ] parametric searches," it does not name, identify or describe the systems or searches or provide any context for its claims. Moreover, the term "parametric search" (*i.e.*, a search with parameters) is a generic term that provides no insight whatsoever. As is well known, Dell sells thousands of products, but based on Kelora's bare-bones allegations, Dell has no way of knowing what sort of "systems" or "searches" it allegedly uses and which allegedly infringe the '821 Patent. Plaintiff's Complaint simply does not provide fair

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1   notice to the Defendants.  *See Hewlett-Packard Co.*, 2003 WL 23884794, at *1 (in a complaint

2   failing to identify accused products despite the defendant's 150 different types of products with more

3   than 4,000 end-user applications, "the Court finds that Plaintiff's allegations do not provide

4   Defendant with 'fair notice' of what Plaintiff's claim or claims are and, therefore, fail to satisfy Rule

5   8(a)(2).")

6          Plaintiff's Complaint also fails to distinguish between any of the Defendants in this case and

7   how their actions, together, in combination, or through some other relationship, make them liable to

8   Kelora.  The Complaint is no more than a listing of victims, with a smattering of Wisconsin

9   defendants thrown in from Kelora's failed attempt to anchor this case to the Western District of

10  Wisconsin.  Clearly, this shotgun approach to ensnaring as many defendants as possible with vague

11  pleadings was likely the result of a failure to perform an adequate prefiling investigation with respect

12  to each and every defendant in the rush to extract additional settlement fees before the California

13  court ruled on the pending Motion to Vacate.  *See Antonious v. Spalding & Evenflo Cos., Inc.*, 275

14  F.3d 1066, 1074 (Fed. Cir. 2002) ("[A]n attorney violates Rule 11(b)(3) when an objectively

15  reasonable attorney would not believe, based on some actual evidence uncovered during the prefiling

16  investigation, that each claim limitation reads on the accused device either literally or under the

17  doctrine of equivalents.").  In this case, Plaintiff did not even identify a single accused device

18  amongst 20 defendants.

19         Kelora's prayer for relief only muddies its claims.  It seeks an injunction "enjoin[ing] and

20  restrain[ing]" Defendants from "making, importing, using, offering for sale, selling, or causing to be

21  sold any product or service falling within, or designed to conduct a method falling within, the scope

22  of any claim of the '821 patent, or otherwise infringing or contributing to or inducing infringement

23  of any claim of the '821 patent."  (Compl. ¶ A.)  Far from clarifying Kelora's claims, this request

24  merely runs through the gamut of potential ways to infringe the '821 Patent.  Kelora's Complaint

25  further demands "enhanced damages pursuant to 35 U.S.C. § 284 due to the willful and wanton

26  nature of Defendants' infringement."  (Compl. ¶ G.)  But, the Complaint does not even allege the

27  elements necessary for such a finding, further justifying dismissal.  *See Hewlett-Packard Co.*, 2003

28  WL 23884794, at *2 (failure to allege particular elements necessary to state contributory and

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

induced infringement further justifies dismissal).  And, as with Kelora's indiscriminate listing of defendants, such unsupported allegations simply subject Plaintiff to further sanctions.  "[W]hen a complaint is filed, a patentee must have a good faith basis for alleging willful infringement.  Fed. R. Civ. Pro. 8, 11(b)."  *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007).

Kelora's allegations are akin to those that courts, in this District and elsewhere, have found deficient based on the plaintiff's failure to identify the allegedly infringing products.  For example, in *Taurus IP, LLC v. Ford Motor Co.*, a court in the Western District of Wisconsin found that the plaintiff's allegations failed to satisfy the Rule 8(a)(2) pleading standard because the plaintiff failed to specify which of the defendants' products allegedly infringed the plaintiff's patent and which claims the products allegedly infringed.  *Taurus IP, LLC v. Ford Motor Co.*, 539 F. Supp. 2d 1122, 1127 (W.D. Wis. 2008).  The plaintiff asserted that infringement had occurred via defendants' "'products and/or services including, without limitation, products that are available for configuration' at a few listed websites and at 'internal websites and dealer portals.'"  *Id.* at 1126.  The plaintiff also offered as examples of infringement "those products 'available for configuration' at six websites and internal websites and dealer portals."  *Id.*  The plaintiff, however, did not limit its allegations of infringement to those websites.

The court explained that while the plaintiff had "given some clues to defendants as to the scope of its claim," a plaintiff "<u>must do more than give clues</u> to meet the broad Rule 8 notice requirements."  *Id.* at 1127 (emphasis added).  In the context of alleged patent infringement, a plaintiff must tell the defendant which products allegedly infringe the plaintiff's patent.  *Id.*; *see also, e.g.*, *Interval Licensing LLC v. AOL, Inc.*, No. C10-1385, 2010 WL 5058620, at *3 (W.D. Wash. Dec. 10, 2010) ("Plaintiff's complaint does not satisfy Rule 8 or Form 18 because Plaintiff has failed to identify the infringing products or devices with any specificity.").

Like the plaintiff in *Taurus*, Kelora has failed to specify what under Dell's control allegedly infringes its patent.  Unlike the plaintiff in *Taurus*, Kelora has failed to provide Dell with any clues.  Kelora's allegations fall far short of the Rule 8 pleading standard and this Court should therefore dismiss Kelora's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

1

2

**IV.    PLAINTIFF IS PRECLUDED BY COLLATERAL ESTOPPEL FROM ASSERTING THE CLAIMS OF THE '821 PATENT**

3       The Complaint in this action should also be dismissed for asserting a patent that has been

4   found invalid by this Court.  As discussed above, Plaintiff's deficient Complaint alleges nothing

5   more than infringement of "the '821 patent" (Compl. ¶ 28), despite the fact that claims of "the '821

6   patent" have been invalidated by this Court.  Under the doctrine of collateral estoppel, Plaintiff is

7   precluded from asserting the '821 Patent against Dell.

8       **A.    CLAIMS 1 AND 2 OF THE '821 PATENT ARE INVALID BY THE ORDER OF THIS COURT**

9       Under the doctrine of collateral estoppel, a judgment of patent invalidity in one action

10  renders the patent invalid in any later actions.  *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*,

11  402 U.S. 313, 349-50 (1971) (overruling *Triplett v. Lowell*, 297 U.S. 638 (1936)).  "[O]nce the

12  claims of a patent are held invalid in a suit involving one alleged infringer, an unrelated party who is

13  sued for infringement of those claims may reap the benefit of the invalidity decision under principles

14  of collateral estoppel."  *Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1577 (Fed. Cir. 1994).

15  Furthermore, the preclusive effect of collateral estoppel may be relied upon at any time.  "Nothing in

16  *Blonder-Tongue* indicates that timing of the decision giving rise to estoppel is critical or that the plea

17  of that defense cannot thereafter be timely made at any stage of the affected proceedings."  *Dana*

18  *Corp. v. NOK, Inc.*, 882 F.2d 505, 507 (Fed. Cir. 1989); *see also Pharmacia & Upjohn Co. v. Mylan*

19  *Pharm., Inc.*, 170 F.3d 1373, 1381 (Fed. Cir. 1999).

20      Collateral estoppel bars relitigation of issues when: "(1) the issue necessarily decided at the

21  previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding

22  ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is

23  asserted was a party or in privity with a party at the first proceeding."  *Reyn's Pasta Bella, LLC v.*

24  *Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006).  In overruling the earlier holding of *Triplett v.*

25  *Lowell*, the Supreme Court in *Blonder-Tongue* noted that as a policy consideration "[p]ermitting

26  repeated litigation of the same issue as long as the supply of unrelated defendants holds out reflects

27  either the aura of the gaming table or a lack of discipline and of disinterestedness on the part of the

28  lower courts, hardly a worthy or wise basis for fashioning rules of procedure."  *Blonder-Tongue*, 402

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

-9-

1    U.S. at 329 (internal quotation omitted).  "In any lawsuit where a defendant . . . is forced to present a

2    complete defense on the merits to a claim which the plaintiff has fully litigated and lost in a prior

3    action, there is an arguable misallocation of resources."  *Id.*

4           In the present action, this Court is presented with the precise situation addressed by the

5    Supreme Court in *Blonder-Tongue*.  The judgment of this Court finding Claims 1 and 2 of the '821

6    Patent invalid "due to the on-sale bar of an invention that was reduced to practice before October 14,

7    1993," *PartsRiver*, 2009 WL 2591355, at *7, was neither vacated nor reversed.  To the contrary, the

8    decisions of this Court and the Federal Circuit denying repeated motions to vacate the judgment

9    reaffirm this Court's decision.

10          Having fully litigated the validity of the '821 Patent against one group of defendants in this

11   Court – and losing – Mr. Danish's Kelora company improperly reasserted the '821 Patent against a

12   new set of defendants in a new court.  Should this action proceed, Dell and the other Defendants will

13   be forced to relitigate, *ab initio*, the very same issue of invalidity of the '821 Patent under the "on-

14   sale bar" that was litigated before.  Under the rule of *Blonder-Tongue*, Plaintiff should not be

15   permitted to relitigate the very same validity issue against these new defendants.

16          **B.    COLLATERAL ESTOPPEL APPLIES TO THE AMENDED CLAIMS OF THE '821 PATENT**

17          As this Court recognized in its April 21, 2011 order denying PartsRiver's motion to vacate,

18   the reexamination of the '821 Patent does not disturb the Court's previous judgment of invalidity.  In

19   its order, this Court summarily rejected PartsRiver's arguments that vacatur of the judgment was

20   appropriate on the ground that, after reexamination, the original, invalidated claims of the '821

21   Patent supposedly "no longer exist."  *PartsRiver*, 2011 WL 1522374, at *2.  Here, Plaintiff Kelora

22   will certainly attempt to convince this Court, as PartsRiver unsuccessfully tried, that a plaintiff

23   alleging infringement of a patent later found to be invalid is entitled to a "do-over" if the patent

24   claims have been amended.  Kelora's reliance on the amended claims allowed by the PTO, however,

25   is entirely misplaced, for the reasons explained below.

26          **1.    REEXAMINATION OF THE '821 PATENT BY AN ADMINISTRATIVE AGENCY**

27                 **DOES NOT CHANGE THE DISTRICT COURT'S HOLDING**

28          To begin with, an administrative agency such as the PTO cannot review a decision of an

-10-

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Article III court.  *In re Swanson*, 540 F.3d 1368, 1378 (Fed. Cir. 2008) ("Congress cannot vest review of the decisions of Article III courts in officials of the Executive Branch.")  Therefore, original Claims 1 and 2 of the '821 Patent are still invalid pursuant to the final judgment of this Court.  No amount of claim-amending before the PTO can nullify the finding that original Claims 1 and 2 of the '821 Patent are invalid for violation of the on-sale bar.  That issue has been finally decided and serves as a reference against which the amended claims of the '821 Patent must be viewed.

**2.  PLAINTIFF'S AMENDMENTS DO NOT ALTER THE INVALIDITY OF THE CLAIMS**

**a.  COLLATERAL ESTOPPEL APPLIES TO AMENDED CLAIMS OF AN INVALIDATED PATENT**

The underlying principle of collateral estoppel is "to prevent repetitious litigation of <u>what is essentially the same dispute</u>."  *In re Freeman*, 30 F.3d 1459, 1465 (Fed. Cir. 1994) (emphasis added).  Under the doctrine of collateral estoppel, "a judgment on the merits in a first suit precludes relitigation in a second suit of <u>issues</u> actually litigated and determined in the first suit."  *Id.* (emphasis added).  Therefore, a patentee may be collaterally estopped from asserting previously unlitigated claims that implicate the same issues that were raised in an earlier litigation. *Interconnect Planning Corp. v. Feil*, 774 F.2d 1132, 1136 (Fed. Cir. 1985) (if no new issues are raised, an invalidity "determination in the prior proceeding should be equally applicable to the nonlitigated claims."); *see also Amgen, Inc. v. Genetics Inst., Inc.*, 98 F.3d 1328, 1329-32 (Fed. Cir. 1996) (precluding litigation of a child patent when the issue of validity of its parent patent "was fully litigated for the identical product on the identical specification.").

If collateral estoppel were restricted only to previously litigated claims, "a patentee could readily circumvent the estoppel simply by litigating the patent one claim at a time, thus preserving to himself additional days in court against other defendants, even if, in his first suit, the particular claim litigated had been held invalid.  Such a piecemeal approach to patent litigation is clearly contrary to the philosophy and goals sought to be achieved by *Blonder-Tongue*."  *Westwood Chem., Inc. v.*

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

-11-

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

*United States*, 525 F.2d 1367, 1372 (Ct. Cl. 1975).[2]  Kelora is embarking on just such a "piecemeal approach" by asserting the amended claims of the '821 Patent.

In determining whether the doctrine of collateral estoppel prevents the assertion of patent claims that were not previously litigated, but which come from a patent where other claims were invalidated, "the first step [is] to determine whether any new issues were raised as to the nonlitigated claims." *Interconnect Planning Corp.*, 774 F.2d at 1136.  "It is the identity of the *issues* litigated and decided, and which were essential to the prior judgment, that determines whether the estoppel should be applied." *Bourns, Inc. v. United States*, 537 F.2d 486, 491 (Ct. Cl. 1976) (emphasis in original).  "[T]he court must first consider whether the issue of invalidity common to each action is substantially identical and whether in the earlier suit the patentee had had a full and fair opportunity to litigate the issue of invalidity." *Carter-Wallace, Inc. v. United States*, 496 F.2d 535, 538 (Ct. Cl. 1974).

### b.   PLAINTIFF ADMITS THAT THE AMENDED CLAIMS ARE LEGALLY IDENTICAL TO THE INVALID CLAIMS

By accusing the Defendants in this case of infringing the claims of the '821 Patent, Plaintiff is improperly attempting to relitigate the identical issue that was previously litigated.  As noted, *supra* at 5, and as this Court expressly recognized in denying PartsRiver's motion to vacate the judgment of invalidity, the patentee has already admitted that the claims encompass the same scope as original Claims 1 and 2.  "[T]he patentee made the statement in the Patent and Trademark Office record that the amended reexamined claims are 'legally identical' to the cancelled claims."  (Order Dismissing Appeal at 4.)  Moreover, as this Court observed, the patentee was fully aware during reexamination that voluntarily amending the patent's claims in a way that rendered them legally identical to the original claims could impact any subsequent attempt to vacate the judgment of invalidity.  *PartsRiver*, 2011 WL 1522374, at *3.

If the amended claims are "legally identical" to the invalidated original claims, as the patentee claimed, collateral estoppel is applicable because "the issue of invalidity common to each

---

[2] Under *South Corp. v. United States*, 690 F.2d 1368, 1370 (Fed. Cir. 1982), decisions of the U.S. Court of Claims are binding as precedent in the Federal Circuit.

-12-

1   action is substantially identical." *Carter-Wallace, Inc.*, 496 F.2d at 538.  Therefore, the amended

2   claims of the '821 Patent must likewise be invalid for violation of the on-sale bar of the Patent Act.

3             **c.**       **THE AMENDED CLAIMS OF THE '821 PATENT DO NOT RAISE NEW**

4                   **ISSUES**

5          Even if Plaintiff argues inconsistently in this case that the amended claims are different from

6   the original claims, it cannot avoid the collateral estoppel effect of the earlier invalidity judgment.

7   The amended claims of the '821 Patent must be viewed for what they are: the non-litigated claims of

8   the previously invalidated '821 Patent.  And, as claims related to the invalidated claims of the '821

9   Patent, they are invalid for precisely the same reason that the previously litigated claims were found

10   invalid – violation of the on-sale bar of the Patent Act.

11          35 U.S.C. § 102(b) states that "[a] person shall be entitled to a patent unless . . . the invention

12   was . . . on sale in this country, more than one year prior to the date of the application for patent in

13   the United States."  This on-sale bar prevents the improper extension of the life of a patent beyond

14   its statutory limit by forcing an inventor to apply for a patent within one year of the first offer for

15   sale of the invention.

16          "[W]hether an invention was on sale within the meaning of § 102(b) is a question of law. . .

17   ." *Robotic Vision Sys., Inc. v. View Eng'g, Inc.*, 249 F.3d 1307, 1310 (Fed. Cir. 2001).  As a matter

18   of law, a claimed invention is "on sale" within the meaning of the statute if it fulfills both elements

19   of a two-part test.  "First, the product must be the subject of a commercial offer for sale. . . .  Second,

20   the invention must be ready for patenting." *Pfaff v. Wells Elec., Inc.*, 525 U.S. 55, 67 (1998).

21          This Court found that both of these requirements were met with respect to the '821 Patent:

22   "[C]laims 1 and 2 of the '821 patent are invalid due to the on-sale bar because they were the subject

23   of a commercial offer for sale of an invention that was reduced to practice before October 14, 1993

24   [*i.e.* one year before the priority date of the '821 Patent]." *PartsRiver*, 2009 WL 2591355, at *7.

25   Plaintiff had a full and fair opportunity to litigate this issue and lost.

26          Even if Plaintiff now argues that the amended claims encompass a different embodiment of

27   the alleged "invention" than the original claims (despite being legally identical), the amended claims

28   are still invalid because "it is not necessary for [the accused infringer] to show that all embodiments

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

-13-

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

of the invention were on sale more than one year before filing.  It is sufficient to show that one embodiment of the invention was offered for sale."  *Scaltech, Inc. v. Retec/Tetra, LLC*, 269 F.3d 1321, 1330 (Fed. Cir. 2001); *see PartsRiver*, 2009 WL 2591355, at *7.

This Court has already determined that at least one embodiment of the invention was offered for sale, thereby invalidating the claims of the '821 Patent.  Accordingly, Plaintiff should be estopped from asserting the amended claims of the '821 Patent in this action because these claims do not raise any new issues related to validity.

## V.   CONCLUSION

For the foregoing reasons, Dell respectfully requests that the Court issue an Order dismissing the Complaint in this action and awarding Dell its fees and expenses pursuant to 35 U.S.C. § 285.  Plaintiff, a resident of this district, filed this suit under a new name, asserting an invalid patent against a random grouping of defendants who had no meaningful connection with the Western District of Wisconsin in an attempt to evade the invalidity judgment of this Court.  Such action was unjustified.

Section 285 of the Patent Act allows the Court to award attorney's fees and expenses in exceptional cases such as these.  "The only deterrent to the . . . improper bringing of clearly unwarranted suits on obviously invalid or unenforceable patents is Section 285.  No award under Section 285 can fully compensate a defendant subjected to bad faith litigation, e.g., for loss of executives' time and missed business opportunities."  *Mathis v. Spears*, 857 F.2d 749, 754 (Fed. Cir. 1988); *see also Computer Docking Station Corp. v. Dell Inc.*, 519 F.3d 1366, 1379 (Fed. Cir. 2008) ("factors relevant to the inquiry include the closeness of the question, pre-filing investigation and discussions with the defendant, and litigation behavior."); *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989) ("Among the types of conduct which can form a basis for finding a case exceptional are willful infringement, inequitable conduct before the P.T.O., misconduct during litigation, vexatious or unjustified litigation, and frivolous suit."); *Hughes v. Novi Am., Inc.*, 724 F.2d 122, 123-24 (Fed. Cir. 1984) (affirming the award of fees under 35 U.S.C. § 285 for filing a patent infringement suit despite knowledge of an invalidating on-sale bar of patent); *Skil Corp. v. Lucerne Prod., Inc.*, 503 F.2d 745, 750 (7th Cir. 1974) (affirming the award of

-14-

1   fees under 35 U.S.C. § 285 for providing deceptive testimony related to on-sale bar of patent "as an

2   ill-advised attempt to salvage an invalid patent").

3

4   Dated:  April 29, 2011                    Respectfully submitted,

5

6                                             By:    /s/ David S. Bloch

7                                                  Kimball R. Anderson (*pro hac vice pending*)
                                                   Marlon E. Lutfiyya (*pro hac vice pending*)
8                                                  WINSTON & STRAWN LLP
                                                   35 West Wacker Drive
9                                                  Chicago, IL  60601-5600
                                                   Tel: (312) 558-5600
10                                                 Fax:  (312) 558-5700

11                                                 Howard I. Shin (*pro hac vice pending*)
                                                   WINSTON & STRAWN LLP
12                                                 200 Park Avenue
                                                   New York, NY 10166-4193
13                                                 Tel: (212) 294-6700
                                                   Fax: (212) 294-4700
14
                                                   David S. Bloch (SBN: 184530)
15                                                 WINSTON & STRAWN LLP
                                                   101 California Street
16                                                 San Francisco, CA 94111-5802
                                                   Tel: (415) 591-1000
17                                                 Fax: (415) 591-1400

18                                                 *Attorneys for Defendant Dell Inc.*

19

20

21

22

23

24

25

26

27

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2011, and pursuant to Civil L.R. 5-4 and General Order 45, I electronically filed the foregoing RENEWED MOTION OF DEFENDANT DELL INC. TO DISMISS COMPLAINT with the Clerk of the Court using the Court's ECF system, which will send notification of such filing to all counsel of record.

Dated: April 29, 2011

  /s/ David S. Bloch

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

-16-