**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELORA SYSTEMS, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>TARGET CORPORATION; OFFICEMAX INCORPORATED; SHOPKO STORES OPERATING CO., LLC; BRIGGS & STRATTON CORPORATION; CHELSEA & SCOTT, LTD., d/b/a ONE STEP AHEAD & LEAPS AND BOUNDS; NATIONAL BUSINESS FURNITURE, LLC; BUYONLINENOW, INC.; ROCKLER COMPANIES, INC.; IDW, LLC, d/b/a ID WHOLESALER; 1-800-FLOWERS.COM, INC.; PC CONNECTION, INC.; EASTBAY, INC.; MASON COMPANIES, INC. d/b/a MARYLAND SQUARE; AMAZON.COM, INC.; DELL, INC.; OFFICE DEPOT, INC.; NEWEGG INC.; COSTCO WHOLESALE CORPORATION; HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P.; and CIRCUITCITY.COM INC.,<br><br>      Defendants.<br>_____/ | No. C 11-01548 CW<br><br>ORDER DENYING DEFENDANT DELL, INC.'S MOTION TO DISMISS (Docket No. 213) |

Plaintiff Kelora Systems, LLC, charges Defendants Target Corporation; OfficeMax Incorporated; ShopKo Stores Operating Co., LLC; Briggs & Stratton Corporation; National Business Furniture, LLC; Rockler Companies, Inc.; 1-800-Flowers.com, Inc.; PC Connection, Inc.; Mason Companies, Inc., doing business as Maryland Square; Amazon.com, Inc.; Dell, Inc.; Office Depot, Inc.; Newegg Inc.; Costco Wholesale Corporation; Hewlett-Packard Development Company, L.P.; and CircuitCity.com, Inc., with infringement of U.S. Patent No. 6,275,821 ('821 patent). Defendant Dell, Inc. moves to dismiss the patent infringement claim Kelora brought against it.

No other Defendant joins Dell's motion. The motion will be decided on the papers. Having considered the papers submitted by the parties, the Court DENIES Dell's motion.

BACKGROUND

The '821 patent, which is entitled, "Method and System for Executing a Guided Parametric Search," claims a "process for identifying a single item from a family of items." '821 patent, Abstract. The invention is intended "to provide a guided parametric search to isolate a subfamily of items within a family of items based on alternatives associated with each item." Id. 3:36-39. Kelora alleges that Defendants "have infringed and continue to infringe the '821 patent by, inter alia, making and using parametric search systems, including web-based parametric search systems, and performing parametric searches that infringe the '821 patent." Am. Compl. ¶ 28.

Kelora initiated this lawsuit in the Western District of Wisconsin on November 8, 2010. On November 23, 2010, Kelora filed an amended complaint, which named twenty Defendants. However, pursuant to various stipulations, Kelora's claims against IDW, LLC; Chelsea & Scott, Ltd. d/b/a One Step Ahead & Leaps and Bounds; Buyonlinenow, Inc.; and Eastbay, Inc., have been dismissed. (Docket Nos. 37, 64, 65 and 141.) On November 29, 2010, Defendant Mason Companies answered Kelora's complaint and counterclaimed for a declaratory judgment of non-infringement and invalidity. Kelora has answered Mason's counterclaim.

On March 24, 2011, the Wisconsin district court granted Defendants' motions to transfer this action to this judicial

2

district.  The court did not rule on various Defendants' motions to dismiss Kelora's complaint for failure to state a claim, leaving it to this Court "to determine in the first instance whether the complaint fails to satisfy Fed. R. Civ. 8 . . . ."  Order of Mar. 24, 2011, at 2.  After the case was transferred into this district and assigned to this Court, only Dell renewed its motion to dismiss.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).[1]  However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true.  Ashcroft v. Iqbal,

---

[1] "A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law." McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1355-56 (Fed. Cir. 2007).  Thus, the Federal Circuit applies the "the law of the regional circuit" to determine whether a district court properly granted a motion to dismiss under Rule 12(b)(6).  Id. at 1356 (citing C & F Packing Co., Inc. v. IBP, Inc., 224 F.3d 1296, 1306 (Fed. Cir. 2000)).

3

___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

## DISCUSSION

Dell contends that Kelora has not plead sufficient facts to support its claim for patent infringement. Kelora contends that its complaint conforms to Civil Form 18, provided in the Appendix of the Federal Rules of Civil Procedure and that, under the Federal Circuit's decision in McZeal, it states a claim for patent infringement.

In McZeal, the Federal Circuit noted that Civil Form 16, Civil Form 18's predecessor, set forth "a sample complaint for patent infringement" and contained the following elements: "1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the patent; 3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; 4) a statement that the plaintiff has given the defendant notice of its infringement; and 5) a demand for an injunction and damages." 501 F.3d at 1356; see also Fed. R. Civ. P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate."). Here, Kelora has alleged facts that satisfy these elements. Kelora alleges that Dell infringed and continues to infringe the '821 patent, which discloses an invention that can be used over the Internet "as an electronic catalog, providing an electronic alternative to updating and distributing product and/or service information." '821 patent, 4:7-9. Kelora further pleads that the alleged infringement arises through Dell's use of "web-based

4

parametric search systems." Am. Compl. ¶ 28. This background is sufficient to provide Dell with notice as to what Kelora believes to be the alleged infringing activity.

Accordingly, Kelora states a claim for patent infringement, and Dell's motion must be denied.

## CONCLUSION

For the foregoing reasons, the Court DENIES Dell's motion to dismiss. (Docket No. 213.) A case management conference will be held on May 31, 2011 at 2:00 p.m.

IT IS SO ORDERED.

Dated: May 31, 2011

CLAUDIA WILKEN
United States District Judge

5