**United States District Court**
For the Northern District of California

1          IN THE UNITED STATES DISTRICT COURT

2          FOR THE NORTHERN DISTRICT OF CALIFORNIA

3  CABELA'S INC.,                        No. C 11-01398 CW

4          Plaintiff,                    MINUTE ORDER AND
                                         CASE MANAGEMENT
5     v.                                 ORDER

6   KELORA SYSTEMS, LLC,

7          Defendant.
   _____/
8  KELORA SYSTEMS, LLC,                  No. C 11-01548 CW
                                         (Related)
9          Plaintiff,

10     v.

11 TARGET CORPORATION, ET AL.,

12          Defendant.                   No. C 11-02284 CW
   _____/      (Related)
13 NEBRASKA FURNITURE MART, INC.,

14          Plaintiff,

15     v.

16 KELORA DYSTEMS LLC,

17          Defendant.
   _____/
18

19
   Clerk: Lashanda Scott      Reporter: Sarah Goekler
20 Plaintiff Attorney: Calli Bjurstrom, Gregory P. Sitrick,
   Defendant Attorney: Robert Becker, Calli Bjurstrom and
21 Gregory P. Sitrick

22     A case management conference was held on: May 31, 2011. The Case
   Management Statement and Proposed Order filed by the parties is hereby
23 adopted by the Court as the Case Management Order for the case, except
   as may be noted below.  The Court's standard Order for Pretrial
24 Preparation also applies.

25 The case is hereby referred to the following ADR process:
   Non-binding Arbitration: [ ]    Early Neutral Evaluation: [ ]
26 Court-connected mediation: [ ]     Private mediation: [ X ]
   Magistrate Judge settlement conference: [ ]
27 ADR session to be held by:                            [10/1/2011]
   (or as soon thereafter as is convenient to the mediator's schedule)
28

**United States District Court**
For the Northern District of California

1  Deadline to add additional parties or claims:                    (8/11/2011)
   Date of next case management conference:                         (11/17/2011)
2
   Completion of Fact Discovery:                                    (2/3/2012)
3  Disclosure of identities and reports of expert witnesses:        (2/23/2012)
   Completion of Expert Discovery:                                  (5/1/2012)
4
   All case-dispositive motions to be heard at 2:00 P.M.
5       on or before:                                               (11/17/2011)

6  Final Pretrial Conference at 2:00 P.M. on:                       ()
   A 10 day Jury Trial will begin at 8:30 A.M. on:                  (7/16/2012)
7
   Additional Matters:  Copy of Court's Order for Pretrial Preparation
8  given to attys in court.  **A Further Case Management Conference will
   be held on 11/17/2011 at 2:00 p.m. whether or not dispositive motions
9  are filed (or on whatever date dispositive motions are set).** Answers
   due or otherwise response due 6/14/2011. Deadline for parties to
10 submit Joint Proposed Protective Order due 6/27/2011. Deadline for
   Initial Disclosures due by 6/29/2011. Exchange of Proposed Terms for
11 Construction due by 7/14/2011. Exchange of Preliminary Claim
   Constructions and Extrinsic Evidence due by 8/4/2011. Joint Claim
12 Construction and Prehearing Statement due by 8/25/2011. Completion of
   Claim Construction Discovery due by September 2, 2011. Cabela's and
13 Target Defendants to file opening briefs re: claim construction and
   any dispositive motions related to claim construction (contained
14 within a single brief) due by September 15, 2011. Invalidity
   Contentions and Document Production Accompanying Invalidity
15 Contentions due 8/8/2011. Last day to amend Answers without leave of
   Court by 8/31/2011. Kelora's opposition and any cros-motion contained
16 within a single brief due by 10/6/2011. Cabela's and Target
   Defendants' reply/opposition to cross-motion (contained within a
17 single brief) due by 10/27/2011. Kelora's surreply due by 11/3/2011.
   The Claims Construction Hearing and Dispositive Motion Hearing set for
18 11/17/2011 at 2:00 p.m. Cabela's and Target Defendants to produce or
   make available Opinion of counsel and Related Documents relied upon
19 as Defense to Willful Infringement, etc. due by 2/23/2012. Disclosures
   of Identities and Reports of Expert Witnesses due by 2/23/2012.
20 Rebuttal Expert Reports due 3/15/2012. Completion of Expert Discovery
   due 5/1/2012.
21
        IT IS SO ORDERED.
22

23 Dated: May 31, 2011                    _____
                                          CLAUDIA WILKEN
24                                        United States District Judge

25

26 Copies to:  Chambers; ADR Department

27

28

**United States District Court**
For the Northern District of California

NOTICE

**Case Management Conferences and Pretrial Conferences** are conducted on **Tuesdays** at 2:00 p.m. **Criminal Law and Motion** calendar is conducted on **Wednesdays** at 2:00 p.m. for defendants in custody and 2:30 p.m. for defendants not in custody. **Civil Law and Motion** calendar is conducted on **Thursdays** at 2:00 p.m. Order of call is determined by the Court. Counsel need not reserve a hearing date for civil motions; however, counsel are advised to check the legal newspapers or the Court's website at www.cand.uscourts.gov for unavailable dates.

Motions for Summary Judgment: All issues shall be contained within one motion of 25 pages or less, made on 35 days notice. (See Civil L.R. 7-2). Separate statements of undisputed facts in support of or in opposition to motions for summary judgment will not be considered by the Court. (See Civil Local Rule 56-2(a)). The motion and opposition should include a statement of facts supported by citations to the declarations filed with respect to the motion. Evidentiary and procedural objections shall be contained within the motion, opposition or reply; separate motions to strike will not be considered by the Court. Any cross-motion shall be contained within the opposition to any motion for summary judgment, shall contain 25 pages or less, and shall be filed 21 days before the hearing. The reply to a motion may contain up to 15 pages, shall include the opposition to any cross-motion, and shall be filed 14 days before the hearing. (See Civil Local Rule 7-3). The Court may, *sua sponte* or pursuant to a motion under Civil L.R. 6-3, reschedule the hearing so as to give a moving party time to file a reply to any cross-motion.

All discovery motions are referred to a Magistrate Judge to be heard and considered at the convenience of his/her calendar. All such matters shall be noticed by the moving party for hearing on the assigned Magistrate Judge's regular law and motion calendar, or pursuant to that Judge's procedures.

Pursuant to General Order 45, § VI.G, "In all cases subject to ECF, in addition to filing papers electronically, the parties are required to lodge for chambers **no later than noon on the business day following the day that the papers are filed electronically,** one paper copy of each document that is filed electronically."

(rev. 10/10/07)
(order attached rev. 6/30/10)

United States District Court
For the Northern District of California

1    ORDER FOR PRETRIAL PREPARATION

2    PRETRIAL CONFERENCE

3         1.   Not less than 28 days prior to the pretrial conference,

4    counsel shall **exchange** (but not file or lodge) the papers

5    described in Civil L.R. 16-10(b)(7),(8),(9), and (10), and their

6    motions in limine.

7         2.   At least 21 days before the final pretrial conference,

8    lead counsel who will try the case shall meet and confer with

9    respect to:

10             (a)   Preparation and content of the joint pretrial

11        conference statement;

12             (b)    Resolution of any differences between the
     parties regarding the preparation and content of the joint
13   pretrial conference statement and the preparation and
     exchange of pretrial materials to be served and lodged
14   pursuant to this Order for Pretrial Preparation.  To the
     extent such differences are not resolved, the parties will
15   present the issues in the pretrial conference statement so
     that the judge may rule on the matter during the pretrial
16   conference; and

17             (c)   Settlement of the action.

18        3.   Not less than 14 days prior to the pretrial

19   conference, counsel shall submit the following.

20             (a) Pretrial Conference Statement.  The parties shall

21   file a joint pretrial conference statement containing the

22   following information:

23             (1)  The Action.

24             (A) Substance of the Action.  A brief description of
         the substance of claims and defenses which remain to be
25       decided.

26             (B)  Relief Prayed.  A detailed statement of all the
         relief claimed, particularly itemizing all elements of
27       damages claimed.

28             (2)  The Factual Basis of the Action.

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(A)  Undisputed Facts.  A plain and concise statement of all relevant facts not reasonably disputed.

(B)  Disputed Factual Issues.  A plain and concise statement of all disputed factual issues which remain to be decided.

(C)  Agreed Statement.  A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

(D)  Stipulations.  A statement of stipulations requested or proposed for pretrial or trial purposes.

(3)  Disputed Legal Issues.  Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief.

(4)  Further Discovery or Motions.  A statement of all remaining discovery or motions.

(5)  Trial Alternatives and Options.

(A)  Settlement Discussions.  A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

(B)  Consent to Trial Before a Magistrate Judge.  A statement whether the parties consent to a court or jury trial before a magistrate judge, with appeal directly to the Ninth Circuit.

(C)  Bifurcation, Separate Trial of Issues.  A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

(6)  Miscellaneous.  Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

(b)  Exhibit List and Objections.  The exhibit list shall list each proposed exhibit by its number (see Civil L.R. 30-2(b)), description, and sponsoring witness, followed by blanks to accommodate the date on which it is marked for identification and the date on which it is admitted into

**United States District Court**
For the Northern District of California

1 evidence. **No party shall be permitted to offer any exhibit in**

2 **its case-in-chief that is not disclosed in its exhibit list**

3 **without leave of the Court for good cause shown.** Parties shall

4 also deliver a set of premarked exhibits to the Courtroom

5 Deputy. The exhibit markers shall each contain the name and

6 number of the case, the number of the exhibit, and blanks to

7 accommodate the date admitted and the Deputy Clerk's initials.

8 (Appropriate sample forms are available on the Court's website

9 at www.cand.uscourts.gov). Any objections to exhibits which

10 remain after the pretrial meeting shall be indicated in the

11 pretrial statement.

12 (c) Witness List. In addition to the requirements of

13 FRCivP 26(a)(3)(A), a brief statement describing the substance

14 of the testimony to be given by each witness who may be called

15 at trial. **No party shall be permitted to call any witness in**

16 **its case-in-chief who is not disclosed in its pretrial statement**

17 **without leave of Court for good cause shown.**

18 (d) Use of Discovery Responses. In addition to the

19 requirements of FRCivP 26(a)(3)(B), a designation of any

20 excerpts from interrogatory answers or from responses for

21 admissions intended to be offered at trial. Counsel shall

22 indicate any objections to use of these materials and that

23 counsel have conferred respecting such objections.

24 (e) Trial briefs. Briefs on all significant disputed

25 issues of law, including foreseeable procedural and evidentiary

26 issues, which remain after the pretrial meeting.

27 (f) Motions in Limine. Any motions in limine that

28 could not be settled at the pretrial meeting shall be filed with

**United States District Court**
For the Northern District of California

1  the  pretrial  statement.   All  motions  in  limine  shall  be

2  contained within one document, limited to 25 pages pursuant to

3  Civil  L.R.  7-2(b),  with  each  motion  listed  as  a  subheading.

4  Opposition to the motions in limine shall be contained within

5  one  document,  limited  to  25  pages,  with  corresponding

6  subheadings, and filed seven (7) days thereafter.

7         (g)  Joint Proposed Voir Dire.  The attached voir dire

8  questionnaire will be given to the venire members, and copies of

9  the responses will be made available to counsel at the beginning

10  of voir dire.  Counsel may submit a set of additional requested

11  voir dire, to be posed by the Court, to which they have agreed

12  at  the  pretrial  meeting.   Any  voir  dire  questions  on  which

13  counsel cannot agree shall be submitted separately.  Counsel may

14  be  allowed  brief  follow-up  voir  dire  after  the  Court's

15  questioning.

16         (h)  Joint Proposed Jury Instructions. As applicable,

17  jury instructions §1.1A, §1.1C, §1.2 through §1.17, §1.19, §2.1

18  through §2.13, §3.1 through §3.3 from the <u>Manual of Model Civil</u>

19  <u>Jury Instructions for the Ninth Circuit</u> (2007 Edition) will be

20  given absent objection. Counsel shall jointly submit one set of

21  additional proposed jury instructions, to which they have agreed

22  at the pretrial meeting.  The instructions shall be ordered in

23  a  logical  sequence,  together  with  a  table  of  contents.   Any

24  instruction on which counsel cannot agree shall be marked as

25  "disputed," and shall be included within the jointly submitted

26  instructions and accompanying table of contents, in the place

27  where the party proposing the instruction believes it should be

28  given.  Argument and authority for and against each disputed

**United States District Court**
For the Northern District of California

1 | instruction shall be included as part of the joint submission,

2 | on separate pages directly following the disputed instruction.

3

4 | The parties shall email to cwpo@cand.uscourts.gov a copy of

5 | their proposed jury instructions in WordPerfect or Word format.

6 | The subject of the email should include the name of the parties,

7 | the case number and a description of the document.

8 | (i) Proposed Verdict Forms, Joint or Separate.

9 | (j) Proposed Findings of Fact and Conclusions of Law

10 | (Court Trial only). The parties shall email to

11 | cwpo@cand.uscourts.gov a copy of their proposed findings of fact

12 | and conclusions of law in WordPerfect or Word format. The

13 | subject of the email should include the name of the parties, the

14 | case number and a description of the document.

15 | <u>JURY SELECTION</u>

16 | The Jury Commissioner will summon 20 to 25 prospective

17 | jurors. The Courtroom Deputy will select their names at random

18 | and seat them in the courtroom in the order in which their names

19 | are called.

20 | Voir dire will be asked of sufficient venire persons so

21 | that eight (or more for a lengthy trial) will remain after all

22 | peremptory challenges and an anticipated number of hardship

23 | dismissals and cause challenges have been made.

24 | The Court will then take cause challenges, and discuss

25 | hardship claims from the individual jurors, outside the presence

26 | of the venire. The Court will inform the attorneys which

27 | hardship claims and cause challenges will be granted, but will

28 | not announce those dismissals until the process is completed.

**United States District Court**
For the Northern District of California

1  Each side may then list in writing up to three peremptory

2  challenges. The attorneys will review each other's lists and

3  then submit them to the Courtroom Deputy.

4  Then, from the list of jurors in numerical order, the Court

5  will strike the persons with meritorious hardships, those

6  excused for cause, and those challenged peremptorily, and call

7  the first eight people in numerical sequence remaining. Those

8  people will be the jury.

9  All jurors remaining at the close of the case will

10  deliberate. There are no alternates.

11  <u>SANCTIONS</u>

12  Failure to comply with this Order is cause for sanctions

13  under Federal Rule of Civil Procedure 16(f).

14  IT IS SO ORDERED.

15



16  Dated: _____    _____

17                                    CLAUDIA WILKEN
                                      UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

## JUROR QUESTIONNAIRE

Please fill out this form as completely as possible and print clearly.  Since we want to make copies for the attorneys and the Court, do not write on the back of any page.  If you need more room, continue at the bottom of the page.  Thank you for your cooperation.

1.    Your name: _____

2.    Your age: _____

3.    The city where you live: _____

      How long have you lived there:_____

4.    Your place of birth: _____

5.    Do you rent or own your own home? _____

6.    Your marital status: (circle one)

      single    married    live with partner    separated    divorced    widowed

7.    What is your occupation, and how long have you worked in
      it?  (If you are retired, please describe your main
      occupation when you were working).

_____

_____

8.    Who is (or was) your employer?

_____

9.    How long have you worked for this employer? _____

10.   Please list the occupations of any adults with whom you
      live.

_____

11.   If you have children, please list their ages and sex and,
            if they are employed, please give their occupations.

_____

_____

_____

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

_____

12.   Please describe your educational background:

      Highest grade completed: _____

      College and/or vocational schools you have attended:

_____

_____

_____

      Major areas of study:_____

13.   Have you ever served on a jury before? _____   How many

      times?_____

      If yes:  State/County Court _____   Federal Court _____

      When? _____

      Was it a civil or criminal case? _____

      Did the jury(ies) reach a verdict? _____

14.   Attached is a list of the parties in this case, the law

      firms representing the parties, attorneys in this case, and

      persons who are potential witnesses in this case.  Do you

      know, or think you know, any of the persons listed?

            Yes:_____          No:_____

      If so, make a check next to their name.

Rev. 04/15/09