UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| KELORA SYSTEMS, LLC, | No. C 11-01548 CW (LB) |
| Plaintiff, | |
| v. | **ORDER RE DISCOVERY LETTER RE LOCATION OF DELL DEPOSITIONS** |
| TARGET CORPORATION, *et al.*, | |
| Defendants. | [ECF No. 337] |

## I. INTRODUCTION

The district court has referred all discovery matters in the above-captioned patent case and the related cases to the undersigned. Referral Order, ECF No. 333 at 2.[1] On August 19, 2011, Plaintiff Kelora Systems, LLC and Defendant Dell, Inc. submitted a joint discovery letter that detailed their dispute over where the depositions of Dell's Rule 30(b)(6) deposition witnesses should take place. Joint Letter, ECF No. 337 at 1. Kelora seeks an order compelling Dell to produce its Rule 30(b)(6) deposition witness or witnesses in the Northern District of California. *Id.* Dell requests that the court order Kelora to conduct any depositions of Dell in Round Rock, Texas, but has no objection if Kelora takes the deposition by video conference. *Id.* at 5. The court denies Kelora's request because Kelora's arguments regarding the equities in this case do not overcome the presumption that the deposition of the designee of a corporate defendant should be conducted at the corporation's principal place of business

---

[1] Citations are to the clerk's electronic case file (ECF) with pin cites to the electronic page numbers at the top (as opposed to the bottom) of the page.

## II. LEGAL STANDARD

District courts have wide discretion to establish the time and place of depositions. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994). Courts consider the relative convenience of and hardships to the parties when making this determination. *Fausto v. Credigy Services Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008).

Although the deposition of a party may be noticed wherever the deposing party designates, there is a presumption that the deposition of the designee of a corporate defendant should be conducted at the corporation's principal place of business. *Id.* However, this presumption can be overcome depending on such factors as: (1) the location of counsel in the forum district, (2) the number of representatives a party seeks to depose, (3) the likelihood of significant discovery disputes, (4) whether the parties to be deposed often engage in travel for business purposes, and (5) the equities with regard to the nature of the claim and the parties' relationship. *See Mahroom v. Best Western Intern., Inc.*, No. C07-02351 HRL, 2007 WL 2701325, at *1 n.3 (N.D. Cal. Sept. 13, 2007) (citing Moore's Federal Practice, 3d. § 30.20).

## III. DISCUSSION

Kelora argues that, because the case was transferred from Wisconsin over Kelora's objections, Dell effectively selected this district and should be treated as a typical corporate *plaintiff*. Joint Letter, ECF No. 337 at 1-2. Kelora also claims that Dell waived its objections to corporate depositions in this district on the grounds of burden or expense by moving to transfer the case. *Id.* at 2.

Additionally, Kelora contends that the presumption that depositions take place at a defendant's corporate headquarters should not control in this case because a majority of parties have counsel in this district and Dell is a large corporation for which having a few employees deposed here would not constitute an undue burden. *Id.* at 2. Kelora also claims that it is not a non-practicing entity as alleged by Dell but that it has limited resources. *Id.* at 3.

Kelora states that it did not agree to Dell's proposal of video depositions because it was concerned about their effectiveness based on the complexity of the issues and the number of documents that will be addressed at the depositions. *Id.* at 2-3.

ORDER RE LOCATION OF DELL DEPOSITIONS
C 11-01548 CW (LB)                             2

Dell argues that the parties agreed to conduct the depositions by video conference. *Id.* at 3. Dell further argues that no valid reason exists why they cannot be conducted by video conference, explaining that pre-marked exhibits can be provided to the court reporter who, in turn, can present them to the deponents or that Kelora's counsel can present exhibits to the witness via laptop, using an FTP site to upload exhibits or any number of other means. *Id.* Dell asserts that this is a well-accepted procedure, noting that Rule 30(b)(4) of the Federal Rules of Civil Procedure expressly contemplates that a court may order that a deposition be taken "by telephone or other remote means." *Id.* (citing Fed. R. Civ. P. 30(b)(4); Manual for Complex Litigation, Fourth, § 11.452, at 86). Moreover, Dell agreed that Kelora could suspend the deposition at any time, if it found that conducting the deposition by video conference was ineffective, and resume the deposition in person, in Round Rock, Texas. *Id.*

Dell also argues that this case presents no exceptional circumstances that justify deviation from the general rule that the deposition of the designee of a corporate defendant should be conducted at the corporation's principal place of business. *Id.* at 4. Dell claims that it did not waive any objection to corporate depositions in this district when it moved to transfer this case from Wisconsin because its motion was based not for the convenience of witnesses but on the grounds of judicial efficiency, since Judge Wilken has extensive experience with the patent-in-suit (due to several related cases before her). *Id.*

Additionally, Dell contends that Kelora's cases are inapposite because the parties in those cases were plaintiffs who initiated suit in that forum or parties who chose the forum based on convenience. *Id.* Dell also argues that the circumstances in this case differ from those in *HTC Corp. v. Technology Properties*, where the defendant's principal place of business was in Taiwan and conducting the deposition there would have jeopardized the court's ability to address further discovery disputes. *Id.* at 4-5.

Dell also claims that considerations of convenience weigh in its favor because testimony from multiple Dell witnesses might be required, the witnesses are located at Dell's corporate headquarters, and Dell would experience significant disruption to its business if these employees are forced to travel to the Northern District of California. *Id.* at 5. Dell also points out that its lead

counsel is based in Chicago, Illinois. *Id.* Dell also challenges Kelora's representation that its resources prevent it from conducting the depositions in Texas, noting that Kelora had sent a letter earlier in which Kelora threatened to sue a Dell entity, which is located in Austin, Texas, "in the federal district court of your jurisdiction" if "no settlement is reached." *Id.*

Finally, Dell claims that Kelora appears to be a non-practicing entity that is trying to exploit the high cost of discovery to force settlements. *Id.*

The court finds that there is no adequate reason to deviate from the general presumption that the deposition of the designee of a corporate defendant should be conducted at the corporation's principal place of business. Kelora's first argument ignores the fact that the district from which the case was transferred (i.e., the Western District of Wisconsin) also was not Dell's home district. And the motion to transfer was based on factors other than convenience or expense. Accordingly, the court finds that Dell did not waive its objections and the cases cited by Kelora are inapposite. Second, when considering the relative convenience of and hardships to the parties, the court finds that they weigh against Kelora's request. Third, the court finds that video conference depositions should not present overwhelming difficulties in this case, particularly given that Dell agrees that the parties may suspend the deposition by video conference and resume it in person if the video conference is ineffective.

## IV.  CONCLUSION

For the foregoing reasons, the court **DENIES** Kelora's request. The court **ORDERS** that the depositions of Dell's Rule 30(b)(6) deposition witnesses take place via video conference, at Dell's corporate headquarters, or at another location mutually determined by the parties. If the parties opt to conduct the depositions via video conference, Kelora may suspend the deposition at any time, if it finds that conducting the deposition by video conference is ineffective, and resume the deposition in person in Round Rock, Texas.

This disposes of ECF No. 337.

**IT IS SO ORDERED.**

Dated: August 29, 2011

_____
LAUREL BEELER
United States Magistrate Judge

ORDER RE LOCATION OF DELL DEPOSITIONS
C 11-01548 CW (LB)                              4