UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| KELORA SYSTEMS, LLC, | No. C 11-01548 CW (LB) |
| Plaintiff, | |
| v. | **ORDER RE 11/2/2011 DISCOVERY LETTER** |
| TARGET CORPORATION, *et al.*, | |
| Defendants. | [ECF No. 405] |

## I. INTRODUCTION

The district court has referred all discovery matters in the above-captioned patent case and the related cases to the undersigned. Referral Order, ECF No. 333 at 2.[1] On November 2, 2011, Kelora Systems, LLC and Defendants[2] submitted a joint discovery letter in which Kelora seeks to compel Defendants to produce documents in response to discovery requests for websites that were not identified in Kelora's infringement contentions. ECF No. 405 at 1. After conducting a telephonic hearing, the court denies Kelora's motion to compel because its requested discovery undercuts the purpose of Local Patent Rule ("LPR") 3-1.

## II. FACTUAL BACKGROUND

Kelora is the owner by assignment of all right, title and interest in U.S. Patent No. 6,275,821

---

[1] Citations are to the clerk's electronic case file (ECF) with pin cites to the electronic page numbers at the top (as opposed to the bottom) of the page.

[2] Defendants are Amazon.com, Inc., Costco Wholesale Corp., Hewlet-Packard Co., Office Depot, Inc., and Target Corp.

("'821 patent"), which is entitled "Method and system for executing a guided parametric search" and was issued by the U.S. Patent & Trademark Office ("PTO") on August 14, 2001. Second Amended Complaint, ECF No. 334 at 3. The PTO issued a reexamination certificate for the '821 patent on November 2, 2010. *Id.* The patent claims a "process for identifying a single item from a family of items" that is run on a single, local computer or over the internet. ECF No. 330-4 at 2-3.

On November 8, 2010, Kelora filed suit against 20 defendants in the Western District of Wisconsin. This action was subsequently transferred to the Northern District of California (*Kelora Systems, LLC v. Target Corp., et al.*, CV 11-1548 CW).

On November 2, 2011, Kelora Systems, LLC and Defendants submitted a joint discovery letter in which Kelora seeks to compel Defendants to produce documents in response to discovery requests for websites that were not identified in Kelora's infringement contentions. ECF No. 405 at 1.

## III. DISCUSSION

Kelora argues that Defendants must produce documents in response to discovery requests for websites that have not been identified in Kelora's infringement contentions. ECF No. 405 at 1. Kelora accuses Defendants of infringement based on their alleged "guided parametric search methods," and argues that this claim is not confined to the websites listed in its LPR 3-1 disclosures. ECF No. 405 at 1 (citing *Advanced Micro Devices, Inc. v. Samsung Electronics Co.,* 2009 WL 1834147, *3 (N.D.Cal. Jun 24, 2009)). At the hearing, Kelora noted that LPR 3-1 is written in the disjunctive and contended that it did more than was necessary because it identified the method and examples of sites implementing it. Additionally, Kelora argues that LPR 2-5 specifically states that the requirement of 3-1 disclosures is not a basis for objecting to discovery requests, aside from certain exceptions that are not relevant here. *Id.* at 2. Kelora also contends that the requested discovery may lead to evidence related to the patented method at issue as practiced by Defendants on sites identified in the 3-1 disclosures (e.g., to establish willfulness or to determine a reasonable royalty). *Id.* at 2-3. Kelora further contends that it has identified the infringing methods, which are not limited to infringement on specific websites and, therefore, no amendment to the 3-1 disclosures must be made. *Id.* at 3. Additionally, Kelora argues that not all of the websites are public or are clearly associated with Defendants, which provides good cause for amending the 3-1 disclosures. *Id.*

Defendants counter that Kelora's argument ignores that there are many different ways to implement what might be considered "guided parametric search," including via different hardware and software. *Id.* at 4. Defendants also note that LPR 3-1 requires the "specific identification" of the method that allegedly is being infringed. *Id.* According to Defendants, here, Kelora is effectively asking Defendants to guess at which other websites are encompassed by the term "guided parametric search." *Id.* This defeats a central purpose of LPR 3-1 , which is to "make discovery manageable." *Id.* (citing *Bender v. Freescale*, No. 09-1156, 2010 WL 1689465, at *3 (N.D. Cal. Apr. 26, 2010)).

The court agrees with Defendants. In *AMD*, AMD sued Samsung for allegedly infringing on a method patent that related to the formation of contacts in semiconductor devices. 2009 WL 1834147, at *1. AMD did not accuse Samsung processors of infringing this patent but, instead, accused only Samsung's memory products in its preliminary infringement contentions. *Id.* at *3. Samsung moved for a protective order with regard to AMD's request for information about the processors. *Id.* Samsung claimed that AMD was not entitled to discovery because the processors were not named in the preliminary infringement contentions. *Id.* Samsung also claimed that the request was unduly burdensome because the processors include many different types of products. *Id.* The district court rejected Samsung's first argument, finding that Samsung had sufficient notice because the identical process was used in each of the products. *Id.* The district court rejected Samsung's second argument because only a limited set of documents was requested and there was no need to repeat a deposition. *Id.* But the case is distinguishable because: (1) the *AMD* case was governed by the old local patent rules; (2) Kelora could have determined whether the public websites infringed on its patents without needing any discovery and should have identified them in accord with LPR 3-1(b)'s requirement that the allegedly infringed method be identified as specifically as possible; and (3) AMD identified a specific manufacturing process that was identically deployed across products in contrast to the different hardware and software implementations that allegedly infringe on the method at issue in this case.

The court finds that, given the facts in this case, the goal of LRP 3-1, which is to make discovery manageable, is best served by denying discovery for instrumentalities that were not accused in the preliminary infringement contentions. *See Bender*, 2010 WL 1689465, at *3; *Oracle America, Inc.*

*v. Google Inc.*, No. C 10–03561 WHA, 2011 WL 4479305, at *2 (N.D. Cal. Sept. 26, 2011); *Shared Memory Graphics LLC v. Apple Inc.*, No. C–10–02475 MMC (JSC), 2011 WL 3878388, at *6-*7 (N.D. Cal. Sept. 2, 2011). As these cases and local patent rules make clear, the defendants should not have to guess as to which of its public websites are encompassed by Kelora's request, particularly where (1) it should not have been burdensome for Kelora to identify the sites, (2) it is unclear that the request was sufficiently specific given that the term "guided parametric searches" is in dispute, and (3) the websites use different hardware and software to implement the allegedly infringing methods.

## IV. CONCLUSION

For the foregoing reasons, the court denies Kelora's motion to compel. If Kelora intends to pursue discovery on websites that it did not identify in its infringement contentions, it should first seek leave to amend its infringement contentions under LPR 3-6.

This disposes of ECF No. 405.

**IT IS SO ORDERED.**

Dated: November 9, 2011

_____
LAUREL BEELER
United States Magistrate Judge