UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| KELORA SYSTEMS, LLC, | No. C 11-01548 CW (LB) |
| Plaintiff, | |
| v. | **ORDER RE 11/4/2011 DISCOVERY LETTER** |
| TARGET CORPORATION, *et al.*, | |
| Defendants. | [ECF No. 411] |

## I. INTRODUCTION

The district court has referred all discovery matters in the above-captioned patent case and the related cases to the undersigned. Referral Order, ECF No. 333 at 2.[1] On November 4, 2011, Kelora Systems, LLC and Defendants[2] submitted a joint discovery letter in which Kelora seeks to compel Defendants' production of certain financial-related documents (costs and sales revenue information from 1999 to the present) regarding Defendants' e-commerce websites that are accused of infringing Kelora's patent in suit for the period prior to November 2, 2010. ECF No. 411 at 1. After conducting a telephonic hearing, the court denies Kelora's motion to compel to the extent that it seeks documents for the 12-month period before and the 12-month period after each of the Defendants' websites first began to implement parametric search and anytime prior to November 2,

---

[1] Citations are to the clerk's electronic case file (ECF) with pin cites to the electronic page numbers at the top (as opposed to the bottom) of the page.

[2] Defendants are Amazon.com, Inc., Costco Wholesale Corp., Hewlet-Packard Co., Office Depot, Inc., and Target Corp.

2008.

## II. FACTUAL BACKGROUND

Kelora is the owner by assignment of all right, title and interest in U.S. Patent No. 6,275,821 ("'821 patent"), which is entitled "Method and system for executing a guided parametric search" and was issued by the U.S. Patent & Trademark Office ("PTO") on August 14, 2001. Second Amended Complaint, ECF No. 334 at 3. The PTO issued a reexamination certificate for the '821 patent on November 2, 2010. *Id.* The patent claims a "process for identifying a single item from a family of items" that is run on a single, local computer or over the internet. ECF No. 330-4 at 2-3.

On November 8, 2010, Kelora filed suit against 20 defendants in the Western District of Wisconsin. This action was subsequently transferred to the Northern District of California (*Kelora Systems, LLC v. Target Corp., et al.*, CV 11-1548 CW).

On November 4, 2011, Kelora and Defendants submitted a joint discovery letter in which Kelora seeks to compel Defendants' production of certain financial-related documents (costs and sales revenue information from 1999 to the present) regarding Defendants' e-commerce websites that are accused of infringing Kelora's patent in suit for the period prior to November 2, 2010. ECF No. 411 at 1.

## III. DISCUSSION

During a meet-and-confer session, Kelora offered to limit the scope of its requests to two periods: (1) from November 2, 2008, to the present; and (2) for the 12-month period before and the 12-month period after each of the Defendants' websites first began to implement parametric search. *Id.* Kelora argues that the financial information for the two-year period prior to the issuance of the '821 Patent on November 2, 2010, would be relevant to a hypothetical licensor and licensee about to commence negotiations because parametric search helps drive Defendants' ecommerce sales. *Id.* at 2, 6. Kelora further contends that the "before" and "after" financial information is probative of the potential value that the Defendants enjoyed from the use of parametric search in their websites, even if that use occurred prior to the issuance of the '821 Patent.. *Id.* at 2 (citing *Georgia–Pacific Corp. v. U.S. Plywood Corp.,* 318 F.Supp. 1116, 1120 (S.D.N.Y.1970)). Kelora also claims that Defendants concede the relevance of this information by having agreed to produce such financial documents for the post-November 2010 period. *Id.* at 5. Finally, Kelora argues that Defendants have

not demonstrated any undue burden with producing financial information for the 12-month "before and after" period. *Id.*

Defendants note that Judge Wilken already has ruled that Kelora may not seek damages for any infringement prior to November 2, 2010, and that Kelora will "have to be able to explain why it is that a document before November 2nd was relevant to damages that happened in the future," and that such discovery must not be "burdensome and done for purposes of harassment or delay." ECF No. 411 at 3. Defendants claim that their objection to Kelora's blanket request for financial information "for the 12- month period before and the 12-month period after [the accused] websites first began to implement parametric search" should be sustained because the request is not reasonably tailored to identify probative evidence and minimize the burden on Defendants. *Id.* at 5. Defendants dispute that revenue for sales made via websites is relevant to a reasonable royalty in this case, because the revenue is for sales of products (e.g., books) that are not accused of infringement. *Id.* at 3. Defendants further contend that Kelora fails to point to any evidence that such revenues can be tied to the importance of the accused functionality, noting that there are many other variables that can affect website sales revenue in a given time period, including the state of the economy, promotions run on the website, changes to other features on the website, etc. *Id.* at 3-4. Defendants also claim that the before and after data can span back as much as nine years, which is not reasonably related to the infringement in question. *Id.* at 4. Additionally, Defendants contend that they should not have to produce information based on when websites first began to use parametric searching because this is vague and open to interpretation and the first use might infringe on the patent. *Id.* Defendants state that their offer to compromise by producing financial data for post-November 2, 2010 sales made via the websites specifically identified in Kelora's preliminary infringement contentions and for sales made after November 2, 2008, if the accused functionality had been implemented on the accused websites by then, was not a concession as to the relevance of the information. *Id*.

The Defendants' compromise position is reasonable. The financial information provides a basis for determining the value of the method but (1) there are many other potentially confounding factors that limit the probative value of comparing the "before" and "after" data; (2) information from years before the reexamination would not likely play a meaningful role in the hypothetical negotiation;

1 and (3) Judge Wilken clearly indicated that discovery regarding damages for the time period before
2 November 2, 2010 should be limited.

### IV. CONCLUSION

For the foregoing reasons, the court denies Kelora's motion to compel to the extent that it seeks documents for the 12-month period before and the 12-month period after each of the Defendants' websites first began to implement parametric search and anytime prior to November 2, 2008. The court specifically orders discovery of financial data for post-November 2, 2010 sales made via the websites specifically identified in Kelora's preliminary infringement contentions and financial information for sales made after November 2, 2008 (i.e., two years prior to the reexamination certificate), if the accused functionality had been implemented on the accused websites by then. The court specifically finds that Defendants' compromise offer was not a concession as to the relevance of the information.

This disposes of ECF No. 411.

**IT IS SO ORDERED.**

Dated: November 9, 2011

_____
LAUREL BEELER
United States Magistrate Judge